## AARON *v*. CITY OF TIPTON

[No. 27,480.   Filed March 4, 1941.]

228

*Charles B. Sayler,* of Anderson, and *Christian & Waltz,* of Noblesville, for appellant.

*Pence, O'Neill & Diven,* of Anderson, and *Cleon Wade Mount,* of Tipton, for appellee.

SWAIM, C. J.—The sufficiency of a notice served by the appellant on the city of Tipton prior to bringing an action against said city for damages for personal injuries, alleged to have been caused by a defective sidewalk, is the sole question presented by this appeal. The only objection to the notice was that it was not verified.

Acts of 1933, ch. 111, § 2, p. 705 (§ 48-8002, Burns' 1933, § 12512, Baldwin's 1934), provided that, "No action shall be brought or maintained by any person against any city . . . for damages suffered or claimed to have resulted from injuries to such person . . . unless written notice containing a brief general description of the date and approximate hour, place, defect or other condition, and cause of the accident or occurrence producing any such injury, . . . together with the nature and extent of such injuries, . . . shall, within sixty days thereafter . . . be served . . . upon the mayor or the clerk of any city. . . ." Section 3 of the act provided that, "Such notice shall be signed and duly verified before any officer authorized to administer oaths by the person so affected, or by the agent or attorney serving the same." § 48-8003, Burns' 1933, § 12513, Baldwin's 1934.

The 1935 session of the General Assembly enacted another statute on this subject, Acts of 1935, ch. 80, p. 235, § 48-8001, Burns' 1933 (Supp.), § 12515-1, Baldwin's Supp. 1935, which was approved February 23, 1935, and became effective June 10, 1935. This act provided for notice in all actions for damages arising

from any negligence, wilfulness, nuisance or other tort of any municipal corporation, thus increasing the number of actions against a city in which notice was necessary. Under this statute verification of the notice was not required and all laws or parts of laws in conflict with said statute were repealed.

The accident out of which this action arose occurred on March 28, 1935, and within sixty days thereafter, to wit: on May 17, 1935, a written notice, signed by the appellant and fully describing the time, place and cause of the accident and the resulting injuries to the appellant, was served on the mayor and clerk of the appellee city. Thereafter, on June 25, 1935, after the 1935 Act became effective, the appellant filed her original complaint.

On January 22, 1938, the appellant filed a third amended complaint, a demurrer to which was sustained on the ground that the notice to the city was not verified. The action of the court in sustaining the demurrer is the only alleged error assigned by the appellant.

The appellee contends that the statute, which was in effect at the time of the accident and at the time the notice was served, required that such notice be verified and that inasmuch as the complaint failed to allege that the notice was verified the complaint was demurrable for failure to state facts sufficient to constitute a cause of action.

In 1907 the first statute was passed which required notice to the city of an injury before maintaining an action for damages therefor. Acts of 1907, ch. 153, p. 249. Our courts have held that the purpose of such notice as required by this and the later notice statutes, was to inform the city officials

with reasonable certainty of the time, place, cause and nature of the accident and the general nature and extent of the injuries so that the city might investigate all the facts pertaining to its liability and prepare its defense, or adjust the claim. *Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *City of Gary* v. *Wilson* (1937), 103 Ind. App. 376, 8 N. E. (2d) 109; *City of Indianapolis* v. *Willis, Administrator* (1935), 208 Ind. 607, 194 N. E. 343. Since this statute, instead of giving a statutory right, is a statutory limitation on the remedy, it is in derogation of the common law and should be strictly construed.

While we do not decide the question, it might be argued that the requirement of verification in the 1933 Act, *supra*, served no purpose and was, therefore, merely a directory provision rather than a mandatory provision. Most cases holding that the verification of the notice of a claim against a municipal corporation, where required by statute, is mandatory, are cases where the verification serves some useful purpose, as in claims on account or for services, and where the verification is made a condition precedent to the liability of the municipal corporation rather than a condition precedent to the filing of an action on liability which had accrued prior to the notice. *Commonwealth Water Co.* v. *Castleton* (1920), 183 N. Y. S. 753, 192 App. Div. 697; *McEwen Mfg. Co.* v. *Covington* (1925), 112 Okla. 40, 239 P. 219; *Richardson* v. *City of Salem* (1908), 51 Ore. 125, 94 P. 34.

The appellant contends that the notice given in this case fully served the purpose of the notice statutes and complied with all of the requirements of the 1935 Act, *supra*, which was in force at the time of the filing of the original complaint herein.

The appellee insists that the statute in force when the accident occurred and when the notice was given governs the sufficiency of the notice. The said 1935 Act, however, says: "That hereafter no action . . . shall be brought or maintained . . . unless there is first served . . . a written notice. . . ." The act does not say in the case of all accidents occurring "hereafter" or as to all notices served "hereafter," but only that no action shall be brought "hereafter" unless notice, pursuant to the statute, shall have been given.

The limitation provided by this statute and by the 1933 Act, *supra,* which this statute superseded, were both on the bringing or the maintenance of an ▮ action on the claim, and did not constitute a condition precedent to the liability of the city or to the accrual of the claimant's right against the city.

Section 2 of said 1935 Act, *supra,* provides as follows:

"All laws or parts of laws in conflict herewith are hereby repealed: *Provided, however,* That any litigation now pending shall not be affected by this act, and that notices heretofore given and if sufficient under any act hereby repealed shall remain effective in such instances the same as if this act had not been passed."

This section seems to clearly indicate that the legislators thought that the act would apply to injuries sustained and to notices served prior to the effective date of the act, otherwise it would have been unnecessary to have the language of this section saving the validity of notices theretofore given. It is to be noted, however, that the language did not purport to keep invalid a notice theretofore served and which would have been invalid in an action brought while the 1933 Act was in force.

It seems clear that the intention of the Legislature was that the terms of the 1935 Act should apply to all actions instituted thereafter even though the act might be retrospective in so far as it dispensed with the verification of notices theretofore given.

On the question of the proper construction of the statute and on the question of the constitutionality of the statute if it be construed to apply to an action which was barred prior to the effective date of this act by failure to have verified the notice as required by the former statute, it becomes necessary to consider the type of the liability here involved and the relation of the notice thereto.

Long before the passage of the first notice statute in 1907 this court had recognized the liability of a city for negligence in the construction and maintenance of streets and sidewalks. In *Ross* v. *City of Madison* (1848), 1 Ind. 281, 284, the City of Madison was held liable for "unskillfully and carelessly" erecting a culvert and embankment across a brook in a street in that city, the court there saying, "It may also be considered as settled that municipal corporations are responsible to the same extent and in the same manner as natural persons, for injuries occasioned by the negligence or unskillfulness of their agents in the construction of works for the benefit of the cities or towns under their government."

On the question of the liability of the city for the negligent construction or maintenance of its streets and sidewalks there was an early division of authority. 43 C. J. 974, 977, and cases there cited. In New York it was recognized and held that a municipal corporation being given, by statute, the exclusive control and supervision of its streets was liable for failure to properly maintain them, such lia-

bility arising from the common-law principle that where a power is given and a duty is imposed liability arises for the failure to properly exercise that power and discharge that duty. *Ehrgott* v. *Mayor, etc.* (1884), 96 N. Y. 264. In Massachusetts, on the other hand, it was early held that a city in maintaining streets and sidewalks is exercising its governmental powers and is, therefore, not liable for torts committed in the discharge of the duties connected therewith. *Hill* v. *City of Boston* (1877), 122 Mass. 344, 23 Am. R. 332. Each of these conflicting rules has many adherents. This state has consistently followed the New York rule. *Higert* v. *The City of Greencastle* (1873), 43 Ind. 574, 590; *Grove* v. *The City of Fort Wayne* (1874), 45 Ind. 429, 15 Am. R. 262; *Glantz* v. *The City of South Bend* (1886), 106 Ind. 305, 309, 6 N. E. 632; *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 112 N. E. 994. All of these decisions recognize the liability of the city in such a case as being a common-law liability for negligence arising from the breach of a duty. The character of such liability is not changed by the fact that the duty is implied from a statutory power.

In *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, this court in passing on the question of the constitutionality of the 1907 notice act said:

"The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Said liability rests exclusively upon said statutes. It is competent for the legislature to limit or remove it entirely. The claim being a statutory one, it is clear that § 8962, *supra*, providing the conditions upon which an action can be maintained is not in violation of the 14th amend-

ment of the Constitution of the United States, or of article 1, § 23, of the Constitution of this State. This is true, because a duty imposed by the legislature upon cities or towns, or a liability against them created by the legislature, may be qualified, limited or removed by that body. No one complaining of the omission to perform such duty can successfully object to the qualifications and limitations imposed by legislature."

We are unable to follow the reasoning by which the court arrived at the conclusion that such a claim as this is statutory, although we recognize the fact that the statement of this conclusion has been many times repeated in the decisions of this court.

The court in the Touhey case, *supra,* supported its statement that such liability is statutory by citing cases from Connecticut, Massachusetts and Michigan, all states where it had been held that there was no common-law liability for negligence against cities failing to maintain their streets and highways, and where the legislatures of such states had enacted statutes giving a right of action against the cities for damages suffered by reason of the negligence of the cities in the maintenance of their streets and highways.

In states following the Massachusetts rule where there was no liability until it was created by statute, it is, of course, true that the liability is statutory. But where, as here in Indiana, the New York rule was followed, one suffering injury by reason of the negligence of a city in maintaining its streets or sidewalks has a common-law action of negligence for damages which accrues when the injury is suffered. The liability of the city is not created by any statute, it arises out of the failure of the city to perform a duty.

Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely

establish a procedural step which was necessary to the remedy of bringing an, action to enforce the liability. The city may pay such liability without any notice having been given. If two persons were injured in the same accident caused by the same negligence on the part of the city, one claim might be settled by the city and the other contested. The liability of the city might be identical on the two claims. The only necessity of notice on the contested claim is to enable that claimant to institute and maintain his action. The notice does not affect the legal or moral obligation of the city to pay for the damages caused by its negligence. Its only purpose is to enable the city to make a prompt investigation as to its liability. The notice does not affect the right, it affects only a remedy of the injured—the remedy of instituting and maintaining an action for the collection of the damages.

In *Fuller* v. *State Highway Commission* (1934), 140 Kan. 558, 38 P. (2d) 99, the court, in determining when the statute of limitations began to run, held that the notice required by statute which provided, "that no such action shall be maintained unless within ninety days after the sustaining of such damage, written notice . . ." be given did not have any relation to the liability even where the liability had been created by statute. The court there said "the notice does not have any relationship to the liability. It is simply something that must be done preliminary to filing suit. . . . The giving of the notice in our statute is not the establishment of particular conditions. It is merely a preliminary step in the bringing of the action. . . . The test (as to when the statute of limitations began to run) is whether the serving of the notice is a part of the cause of action or merely a step in the remedy. We have concluded that it was a procedural step in the

remedy and that the cause of action accrued when the damages were sustained." Even more clearly is the serving of the notice merely a procedural step in the remedy where the liability is a common-law liability for negligence rather than a statutory liability.

Since the liability of the city was a common-law liability for negligence which accrued at the time the damages were sustained, a change in a procedural step in the remedy, made by a statute which became effective after the date of the injury and the service of notice, could not be said to affect any vested right of the appellee.

There is some division of authority as to the character of defenses that may constitutionally be cut off by retrospective legislation. 113 A. L. R. 768n.

Most states hold that a cause of action once barred by a statute of limitations cannot be revived by the repeal of the statute or the enactment of a statute providing a longer period within which the action may be brought. 67 A. L. R. 297n. This is on the theory that the defendant acquires a vested right in a defense which has matured, and that the vested right of a defense, even though it has to do only with the remedy, is protected by the constitution in the same manner as the vested right of the plaintiff in his cause of action. The early cases in Indiana are not clear on this question. In *McKinney* v. *Springer* (1847), 8 Blackf. 506, the court in discussing such a case said ". . . we are clearly of the opinion that no statute subsequently passed could renew the defendant's liability." See also *Stipp* v. *Brown* (1851), 2 Ind. 647.

In *Winston* v. *McCormack* (1848), 1 Ind. 56, this court held that in an action for goods sold and delivered and money had and received a six-year statute

of limitations which was in force at the time the suit was brought governed, rather than a five-year statute which was in force when the contract was made. In this case, however, the action was not barred when the second statute became effective. The court there said:

"This suit having been commenced after the act of 1843 was in force, which prescribes six years as a bar, the plea relying on the lapse of five years next before the suit was commenced, cannot be sustained. Were the statute of limitations a part of the contract, then this plea would be valid; but the law is otherwise. The statute affects the remedy only; and that statute governs cases like this, which happens to be in force when the suit is brought."

In *Trimble* v. *Swope* (1855), 7 Ind. 91, 96, the court in passing on this question said, "Every creditor, therefore, delays to assert his legal rights after their maturity at his peril. He so delays with full knowledge that the legislature may extend or abridge the time within which he may invoke the aid of the courts." Again, in *McNeal* v. *Bennett* (1865), 24 Ind. 383, 384, the court said, "The bond was executed in 1847, but the *remedy* must be sought under the law in force at the commencement of the action unless the application of the new remedy to the contract would impair the obligation of the latter. The legislature, so far as the remedy is concerned, may validate, but cannot invalidate the obligation of a contract."

In *Campbell* v. *Holt* (1885), 115 U. S. 620, the Supreme Court of the United States held that the repeal of the statute of limitations restored the remedy on a claim for a money judgment, even though the action was barred prior to the effective date of the repeal, the court distinguishing between actions for the recovery of a money judgment, and actions for the recovery of specific property, either real or personal.

Even in the defense of the statute of limitations our court, in a more recent case, has held that a municipal corporation has no vested right which the Legislature cannot take away. In *Jackson Hill Coal & Coke Co.* v. *Board, etc.* (1914), 181 Ind. 335, 104 N. E. 497, this court held that the Legislature had the authority to remove the bar to the recovery of taxes improperly paid, after the same had been barred by a former statute of limitations and that a statute so removing the bar did not violate the 14th amendment nor conflict with § 24 of the Bill of Rights, Art. 1, § 24, Constitution of Indiana. See also 16 C. J. Secundum, § 266, p. 683.

A repeal of the entire notice statute which would result in leaving a claimant who had failed to serve a notice within the time allowed by the notice statute, free to bring an action, might be considered as comparable to the repeal of a statute of limitations reviving an action which had been barred prior to the repeal. Actually, however, all that the Legislature did in the instant case was to dispense with the provisons that the notice should be verified, a provision that could not possibly affect the obligation of the city. If the city was negligent, if such negligence was the proximate cause of the injury to the appellant and such injury was without any fault on the part of the appellant, the city was under a moral and a legal obligation to pay the amount of damages resulting therefrom. The failure of the appellant to verify the notice which she served on the city could not affect the obligation of the city. The verification was a mere formality in the procedural step affecting only the remedy.

It is generally held that there is no vested right in a defense based upon mere informalities not affecting

240 240

the substantial rights of the parties, and such a defense may be cut off by retroactive statutes.

This is especially so when such informalities consist of matters which originally could have been dispensed with by the Legislature. *Bullard* v. *Holman* (1937), 184 Ga. 788, 193 S. E. 586, 113 A. L. R. 768n.

In *Ewell* v. *Daggs* (1883), 108 U. S. 143, 151, 2 Sup. Ct. 408, 413, the Supreme Court of the United States, in speaking of the removal of such defenses, said:

> "The right which the curative or repealing act takes away in such a case is the right in the party to avoid his contract, a naked legal right which is usually unjust to insist upon, and which no constitutional provision was ever designed to protect."

See also *Clarke, Rec.* v. *Darr* (1901), 156 Ind. 692, 701, 60 N. E. 688.

We, therefore, hold that since this action was brought after said 1935 Act became effective the terms of said act as to notice governed, and since the notice was sufficient under the requirements of the 1935 Act it was error for the trial court to sustain the demurrer to the third amended complaint.

Judgment is reversed with instructions to the trial court to overrule said demurrer and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 32 N. E. (2d) 88.