[No. 172-3.    Division Three.    November 23, 1970.]

Wm. F. Johnson, *Respondent,* v. Asotin County, *Appellant.*

*E. J. Stanfill,* for appellant.

*S. Dean Arnold,* for respondent.

Munson, J.—Defendant, Asotin County, appeals from a denial of its motion to vacate a default judgment.

Plaintiff, a former county engineer, brought suit seeking the balance of his accumulated annual leave and sick-pay benefits allegedly due under a resolution by defendant's board of commissioners. On September 26, 1969, the Asotin County Sheriff served upon the county auditor a copy of both the summons and complaint. After filing the original complaint, the original summons and the sheriff's return of service on October 17, 1969, plaintiff, pursuant to CR 55, moved, with supporting affidavit, for default, stating: (1)

defendant was duly and regularly served, (2) more than 20 days had elapsed since service, (3) defendant had not made or filed an answer, motion, or appearance of any kind, nature or description, and (4) plaintiff was entitled to default. On the same day the court, through its commissioner, signed the order of default, findings of fact, conclusions of law and the judgment.

On October 27, 1969, defendant moved to set aside the default and to vacate the judgment claiming it to be void because plaintiff had failed to prove or file proof of personal service of the *original* complaint upon defendant. In addition to counsel's affidavit, defendant's motion was supported by the sheriff's affidavit wherein it was stated: He had received from plaintiff an original and copy of the summons, a copy of the complaint (but not the original), and that he had not filed a return of service for the original complaint, or attached the return of service thereto, or made any other endorsement thereon. The trial court denied defendant's motion. Defendant appeals.

First, defendant contends plaintiff was compelled by CR 4(d)(1)[1] to serve the *original* complaint upon defendant since: (1) he failed to file the original complaint within 5 days after service of summons and a copy of the complaint, and (2) RCW 4.28.060, which authorized service of a copy of the complaint with the summons, was superseded by CR 4(d)(1). As a result of failing to serve the original, there was no necessity for defendant to comply with CR

---

[1]

"Rule 4
"Process

". . .
"(d)   Service.
"(1)   *Of Summons and/or Complaint.* The summons and complaint shall be served together unless the complaint has been or is filed within 5 days after the service of the summons. When a summons is served without a complaint, the summons must notify the defendant that a complaint has been or will be filed prior to service of the summons or will be filed within 5 days after the service.   . . .
". . .
"Comment  . . .  Paragraph (1) supersedes RCW 4.28.060. The rule should be read in connection with Rule 3."

12 (a) (1) and answer within 20 days the complaint's allegations. Therefore, the default judgment entered on October 17, 1969 was void. CR 60 (b) (5).

We disagree for the following reasons:

(1) CR 3 (a) states the service of summons *or* the filing of a complaint commences a civil action.[2] The happening of either begins the time period within which a defendant must answer or be subject to default.

(2) CR 4 (b) (2) inferentially allows service of a copy of the complaint with the summons by setting forth the form of summons, in part as follows:

If you fail to appear and defend, judgment will be rendered against you, according to the demand of the complaint, which has been or will be filed with the clerk of court, *or a copy of which is herewith served upon you.*

(Italics ours.)

(3) The copy of the complaint served upon defendant placed him on notice as to the nature of plaintiff's cause and nothing more could be gained for defendant by requiring plaintiff to serve the original.

(4) To adopt defendant's interpretation of CR 4 (d) (1), with regard to the complaint, would inferentially require service of the original summons also; defendant admits the original summons cannot be served but must be filed along with the return of service with the clerk of the court. CR 4 (g), CR 5 (e).

(5) A defendant has the right to demand that plaintiff file the summons and complaint and pay the filing fee. CR 3 (a).

(6) CR 5 (d) (2) provides ample sanctions in the event of

---

[2]This is one instance wherein our rules of civil procedure are distinguished from the federal rules. See 1 Barron & Holtzoff, Federal Practice & Procedure § 161 (Wright rev. 1960); Wright & Miller, Federal Practice & Procedure: Civil §§ 1051-1057 (1969). However, the service of summons without filing of the complaint is not sufficient to toll the statute of limitations. See RCW 4.16.170.

plaintiff's failure to comply with defendant's demand pursuant to CR 3 (a).[3]

(7) It is manifestly apparent defendant's interpretation is contrary to CR 1 which requires interpretation of the civil rules in such a fashion that a "just, speedy and inexpensive determination of every action" shall occur.[4]

■ Defendant's second assignment of error relates to the service of a copy of the complaint without the process server comparing it with the original. It is agreed the original complaint was not delivered into the hands of the sheriff for a comparison with the copy he ultimately served upon defendant even though the sheriff's return states a true copy was served upon defendant. CR 4(d) requires service of summons and process to be made by the sheriff or other competent person. To require the process server to compare each and every copy of a complaint with its original, before service could be made, is unduly restrictive. In some situations service and return are complicated enough

---

[3]The 5-day provision set forth in CR 3(a) and CR 4(d)(1) is not jurisdictional since the trial court acquires jurisdiction when a summons is served. CR 3(a). We believe the 5-day provision was adopted to alleviate the undesirable situation of having a plaintiff commence suit by service of summons and never file a complaint. Under such a situation the defendant, in order to obtain a hearing on any motions desired to be made, would have to pay the filing fee, file a complaint or forebear his procedural remedies.

[4]The practicalities of instituting a lawsuit cannot require a plaintiff to serve an original complaint upon the defendant or in some instances upon more than one defendant. Granted, because of modern technology, copy machines are available which will produce exact copies of the original. These in turn could be signed and/or verified in accordance with the rules and, in effect, become duplicate originals. Admittedly the complaint in the instant case only concerns one defendant and consists of only two pages. However, we cannot accept defendant's interpretation and apply it to all civil actions without contravening the spirit of CR 1.

Furthermore, the court is entitled to have within its files the original of all pleadings. To require the original to be served upon the defendant and yet to be filed with the clerk of court after the 5-day period would require the plaintiff to retake from the defendant the original complaint so it could be filed. Consequently, plaintiff would have to substitute a copy of the complaint for the original and the net result achieved would be the position which the parties would have been in had a copy of the complaint originally been served.

without imposing such a burdensome task upon the process server.

Attorneys of this state are recognized as officers of the court. *Dike v. Dike,* 75 Wn.2d 1, 5, 448 P.2d 490 (1968). Consequently, a process server receiving a summons and a copy of a complaint from an attorney is entitled to presume that such a copy is a true one of the complaint which counsel has, or ultimately will file with the court. There is no contention by defendant herein that the copy of the complaint given to the sheriff and served by him was other than an exact copy of the complaint filed in this case. Should a copy be served upon a defendant other than the one filed, without a prescribed amendment or service of the amended complaint upon the defendant, the Civil Rules for Superior Court and the Discipline Rules for Attorneys afford sufficient relief.

■■ Defendant's third assignment of error relates to a matter raised for the first time on appeal, *i.e.,* plaintiff failed to comply with the conditions precedent for bringing suit against the county—filing a claim with the county commissioners prior to commencement of action. Defendant candidly admits this was not urged upon the trial court since the time for filing a claim under RCW 36.45.010 had not elapsed when his motion to vacate was made. In answer, plaintiff contends his complaint, being based upon his right to collect separation pay pursuant to an Asotin County resolution setting forth such rights, dated December 23, 1968 is not the type of action to which RCW 36.45.010 applies. *Puget Constr. Co. v. Pierce County,* 64 Wn.2d 453, 392 P.2d 227 (1964). We do not reach this issue.

CR 55(c) states:

> Setting Aside Default. For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

CR 60, Relief from Judgment or Order, states in part as follows:

(b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(5) The judgment is void;

. . .

(e) *Procedure on Vacation of Judgment.*

(1) *Motion.* Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the motion is based, and *if the moving party be a defendant, the facts constituting a defense to the action or proceeding.*

(Italics ours.) In an action against a county, a plaintiff is not required to plead the filing of such a claim as a jurisdictional matter. The defendant county may raise this issue and compel the plaintiff to show his compliance with RCW 36.45.010. *Goodner v. Chicago, M., St. Paul & Pac. R.R.*, 61 Wn.2d 12, 377 P.2d 231 (1962). Defendant's motion for vacation of the judgment before the trial court does not set forth a substantive or procedural defense to this action. Hence, defendant's motion is fatally deficient. This assignment of error will not be considered for the first time on appeal.

Lastly, defendant contends in oral argument that there is no proof of a county resolution or policy in the record upon which the trial court could base its findings of fact, conclusions of law and judgment. This issue was not placed before the trial court, nor covered by defendant's brief before this court and also will not be considered.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.