WILLIAM E. THOMPSON, WILLA L. THOMPSON *v.* THE CITY OF
AURORA, INDIANA, ET AL.

[No. 475S91.  Filed April 17, 1975.]

*Douglas R. Denmure, Hartell F. Denmure,* of Aurora, for appellants.

*William H. Turner,* of Lawrenceburg, *Richard R. Mattingly,* of Aurora, for appellees.

HUNTER, J.—Thompsons sued the city for damages resulting from the destruction of their home by a natural gas explosion

and fire. The city owned and operated the natural gas distribution system.

Thompsons' complaint of two paragraphs was filed August 13, 1969. A sub-paragraph of each main paragraph alleged that notice of the claim, as required by Ind. Code § 18-2-2-1, Burns § 48-8001 (1968 Repl.) had been given to the proper city officials. Defendants answered on January 20, 1970, generally denying that they had received statutory notice. Trial by jury commenced January 22, 1973. At the close of plaintiff's evidence, the trial court directed a verdict for the defendants. The basis of the directed verdict was Thompsons' failure to introduce proof that the required notice had been given. Thompsons' motion to correct errors was overruled. The Court of Appeals, with one judge dissenting, affirmed the trial court's overruling of Thompsons' motion to correct errors. *Thompson* v. *City of Aurora,* (1974) Ind. App., 313 N.E.2d 713.

In affirming the decision below, the Court of Appeals followed the ruling precedent of *City of Indianapolis* v. *Evans,* (1940) 216 Ind. 555, 24 N.E.2d 776, which held that giving the statutory notice was a condition precedent to maintaining an action against the city. The *Evans* court stated:

> "It is also fundamental that an answer in general denial filed to a complaint, places the burden upon the plaintiff to prove all the material allegations of his complaint. Since appellee alleged in her complaint that notice as required by the statute was given, and as such an allegation is a material allegation, it follows that she must prove the same. If she fails to make such proof, she has failed to prove the material allegations of her complaint and a verdict returned in her favor would not be sustained by sufficient evidence." 216 Ind. 555, 565, 24 N.E.2d 776.

Relying on the language quoted, the Court of Appeals concluded:

> "Thus, it is clear that Thompsons were required in their complaint to allege compliance with § 48-8001, *supra, and when such compliance was made an issue by the pleadings*

*of all the parties,* Thompsons were required to make their proof of the allegation of service of notice. Thompsons having failed to bear the burden of proof necessary to make their case, the trial court properly sustained the city's motion for a directed verdict." Ind. App., 313 N.E.2d 713, 716. [Emphasis added.]

In the opinion which follows, we hold that the statutory notice required by Ind. Code § 18-2-2-1, Burns § 48-8001 (1968 Repl.) is a procedural precedent which need not be pleaded under our new rules of procedure. A plaintiff's failure to give the required notice, however, is *a defense which must be asserted in a responsive pleading.* In the case at bar, defendant's answer did not assert such defense. Plaintiff was therefore not required to prove that the notice had been given. Hence, defendants' motion for a directed verdict was improvidently granted. We grant transfer, reverse and remand with instructions.

## I.

A brief account of municipal tort liability in Indiana is useful in placing this case in perspective. At common law, this Court held that the liability of a city for damages attributable to the negligence of its agents was co-extensive with that of natural persons. *Ross* v. *City of Madison,* (1848) 1 Ind. 281. The common law duty was said to exist despite the absence of a positive statute where the municipal authorities were given the responsibility of keeping property, including streets and sidewalks, in repair and the means were provided for performing the task. *Higert* v. *City of Greencastle,* (1873) 43 Ind. 574.

The broad common law duty of cities enunciated in the *Ross* and *Higert* decisions, *supra,* was ignored by a line of cases beginning with *Touhey* v. *City of Decatur,* (1911) 175 Ind. 98, 93 N.E. 540, and climaxing in *City of Indianapolis* v. *Evans, supra.* It was the *Evans* case which the trial court and the Court of Appeals found compelling in the case at bar. In

*Touhey,* we held under a statute similar to the one here involved, that a detailed account of the time, place and nature of plaintiff's injuries published in two newspapers of general circulation did not comply with the statute. *Touhey* found the requirement of notice to be a condition precedent to a right of action. The notice statute in effect when *Touhey* was decided, like the statute in effect today, required only that notice be given, and did not require that the notice be pleaded and proved. Under the system of pleading then operative, the court in *Touhey* stated the familiar judge-made rule that "[W]hen any one seeks the benefit of a statute, or to enforce a statutory right or liability, he must, *by allegation and proof,* bring himself clearly within its provision." 175 Ind. 98, 102, 93 N.E. 540. [Emphasis added.] In applying the rule, the Court in *Touhey* affirmed the trial court's sustaining of a demurrer to Touhey's complaint. Touhey's failure to allege that the statutory notice had been given was fatal. Thus, Touhey had twice fallen—once into a hole in the sidewalk and once into a common pitfall of code pleading. This rule was reaffirmed in *City of Indianapolis* v. *Evans, supra,* and found compelling by both the trial court and the Court of Appeals in this case.

In *Aaron* v. *City of Tipton,* (1941) 218 Ind. 227, 32 N.E.2d 88, we reaffirmed the common law basis of municipal liability and confessed error in the *Touhey* decision. In criticizing the *Touhey* conclusion that municipal liability was statutory, we noted that such conclusion was premised upon cases from jurisdictions where there had been no common law liability imposed upon cities. The court in *Aaron* then examined the function of the notice statute, in a jurisdiction recognizing common law liability:

"Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely establish a procedural step which was necessary to the remedy of bringing an action to enforce the liability." 218 Ind. 227, 235-36, 32 N.E.2d 88.

We believe that *Aaron* properly defines this statutory notice requirement as a procedural precedent which must be accomplished before filing suit, but which is not an element of the cause of action. As the Court of Appeals noted, the question presented in *Aaron* was whether a failure to verify the notice rendered it insufficient under the statute then in effect. Procedurally, the notice had been pleaded, and the only question presented by *Aaron* was its sufficiency.

After *Aaron*, notice was not a substantive element of plaintiff's claim. Nevertheless, the statute did create a procedural precedent, satisfaction of which under code pleading could only be shown by plaintiff's pleading thereof. If challenged by a general denial, the plaintiff was also required to prove the notice, even though it was not part of his claim. *City of Indianapolis* v. *Evans, supra.* Hence, when the Thompsons filed their complaint, they were required under code pleading to allege that notice had been given.

## II.

As noted above, plaintiffs' complaint, alleging that the required notice had been given, was filed in 1969. Defendant's answer was filed on January 20, 1970. In the intervening period, our new rules of procedure became effective. The impact of the new rules on actions pending on the effective date is set forth by Ind. R. Tr. P. 84, which provides:

> "These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The new rules were fully applicable to the case at bar "except to the extent that in the opinion of the court their

application . . . would not be feasible or would work injustice." We believe a fair construction of this rule would require a specific finding by the court stating reasonable grounds upon which the exception stated by Ind. R. Tr. P. 84 was being invoked. At the very least we would expect to find in the record the opinion of the trial court that the old rules were to govern the action before it. The record before us contains neither. We conclude that the new rules were applicable and governed defendant's answer.

### III.

Ind. R. Tr. P. 9 governs the pleading of special matters. Specifically, Ind. R. Tr. P. 9 (C) states:

> "*Conditions precedent.* In pleading the performance or occurrence of promissory or non-promissory conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed, have occurred, or have been excused. A denial of performance or occurrence shall be made specifically and with particularity, and a denial of excuse generally."

If the statutory notice requirement before us is a true condition precedent within the ambit of Ind. R. Tr. P. 9 (C), then the denial of performance of the condition must be made 'specifically and with particularity.' Hence, under our new rules, a general denial of a condition precedent raises no issue as to its performance. See Harvey, *Indiana Practice,* 543 (1971) ; but see *City of Indianapolis* v. *Evans, supra.* Thus, if the notice requirement is a true condition precedent, it becomes apparent that defendant's failure to deny performance specifically and with particularity raised no issue putting plaintiff to his proof. The grant of a directed verdict would, therefore, have been improper. But such is not the case before us.

As stated in *Aaron,* the notice requirement is not an element of a plaintiff's claim of negligence, but rather a procedural

precedent which must be performed prior to commencement of the suit. It has long been recognized that procedural precedents are not within the scope of Ind. R. Tr. P. 9(C). *Snyder* v. *Le Roy Dyal Co.*, (1940) (D.C. S.D. N.Y.), 1 F. R. D. 362. In defining the parameters of Rule 9(c) of the Federal Rules of Procedure, which our rule tracks, *Snyder* stated:

> "The conditions precedent, referred to in that rule, are the conditions going to create liability or those which construct a legal capacity to sue and do not include any duty to state that procedural requirements have been fulfilled."

Under the *Snyder* test, our holding in *Aaron, supra,* amply demonstrates that our notice statute did not create liability where none previously existed. Moreover, the notice statute in any of its various forms has never required that legal capacity to maintain an action turn upon pleading and proof of the notice. We affirm the position taken in *Aaron* that the notice statute is merely a procedural precedent.

The effect of such holding is that Ind. R. Tr. P. 9(C) is inapplicable to this case. Reaching a similar conclusion, the Supreme Court of Washington stated in *Goodner* v. *Chicago, M. St. P. & Pac. R. R.*, (1962) 61 Wash. 2d 12, 377 P. 2d 231, 239:

> "The statute requiring the filing of a claim with the county is a procedural statute, and the filing of such a claim is a procedural condition precedent, which it is not necessary to plead. The defendant may raise the objection that no claim was filed, in which case the burden is on the plaintiff to show that he has complied with the statute." See also, *Johnson* v. *Asotin County*, (1970) 3 Wash. App. 659, 477 P. 2d 207, 210.

Undoubtedly, a plaintiff must give a city the notice which the statute mandates. Under our new rules of procedure, however, a plaintiff is no longer required to plead fulfillment of procedural precedents. When a plaintiff fails to give the required notice, the city has a de-

fense cognizable under Ind. R. Tr. P. 12(B), which must be asserted in a responsive pleading (answer) to plaintiff's complaint. The city must state the defense in short and plain terms. Ind. R. Tr. P. 8(B). Lack of notice is thus placed in issue, and plaintiff bears the burden of proving compliance with the statute. On the city's motion under Ind. R. Tr. P. 12 or Ind. R. Tr. P. 56, the collateral issue of notice may be speedily resolved before trial. Under the federal rules, notice pleading is a vehicle "to facilitate a proper decision on the merits" and not "a game of skill in which one misstep by counsel may be decisive." *U.S.* v. *Hougham,* (1960) 364 U.S. 310, 81 S. Ct. 13, 5 L. Ed. 2d 8. Our rules, based upon the federal counterpart, were similarly adopted to speed resolution of conflicts spawning litigation.

We hold that the city's general denial of receipt of notice was insufficient to make compliance with the statute an issue in this case. It follows that the directed verdict in favor of the city must be reversed. On remand, if the city of Aurora desires in good faith [see Ind. R. Tr. P. 8(B) and Ind. R. Tr. P. 11(A)] to assert lack of notice, the trial court shall allow the city ten (10) days in which to amend its answer by adding such defense. On the city's motion, the trial court shall then determine whether notice was given. If the city does not assert such defense, or the trial court finds it to be without merit, this case should proceed to trial on the merits without further delay.

Transfer granted, case reversed and remanded to the trial court with instructions.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 325 N.E.2d 839.