FORREST A. GEYER *v.* CITY OF LOGANSPORT, JAMES JACKSON AND LESTER MURTHA, D/B/A STONEY PIKE SALES BARN.

[No. 1277S812. Filed December 14, 1977.]

336

C. *Michael Cord, William E. Beck II,* of Kokomo, for appellant.

Tom *F. Hirschauer, Frank E. Tolbert,* of Logansport, for appellee.

GIVAN, C.J.—On May 29, 1970, a bull escaped from the Stoney Pike Sales Barn near Logansport. In an attempt to capture the bull Logansport police officer Lieutenant James Jackson fired two shots from a rifle, one of which apparently ricocheted and hit Geyer in the stomach. About six months later Geyer brought an action against the city, Jackson and the owner of the sales barn, Murtha. The trial court granted a motion to dismiss the action against the city on the ground that notice had not been given to the city within 60 days, as required by IC (1971) 18-2-2-1.

Prior to trial Geyer and Murtha, along with the latter's insurance company, executed a loan agreement whereby Murtha loaned Geyer Ten Thousand Dollars ($10,000) to be repaid only if Geyer recovered that amount or more at trial. After the presentation of the evidence the trial court granted judgment on the evidence for the defendant Jackson on the grounds that plaintiff had failed to prove negligence; that plaintiff did not give Jackson the 60-day notice and that the

loan agreement between Geyer and Murtha served as a complete release of all tort-feasors, including Jackson. Geyer then moved to dismiss the action against Murtha.

On appeal the Second District Court of Appeals reversed the trial court, holding (1) that the grounds for granting judgment on the evidence for Jackson were insufficient under current law and (2) that the city's investigation through the sheriff, the insurance carrier's investigation and the city's actual knowledge of the incident constituted substantial compliance with the requirements of the notice statute. Therefore Geyer's action against the city should not have been dismissed. *Geyer* v. *City of Logansport*, (1976) Ind. App., 346 N.E.2d 634.

The first assignment of error requires an interpretation of IC (1971) 18-2-2-1, which reads as follows:

"Hereafter *no action or actions of any kind for damages arising from any negligence,* willfulness, nuisance or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage in any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, *shall be brought or maintained against any municipal corporation of this state unless there is* first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, *a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property,* the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some municipal official aforesaid *within sixty [60] days after the occurrence complained of,* regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty [30] days after such occurrence." IC (1971) 18-2-2-1 (Burns, 1974) (emphasis supplied.)

The question of substantial compliance with this statutory provision was addressed in *Galbreath* v. *City of Indianapolis*, (1970) 253 Ind. 472, 255 N.E.2d 225. In that case the plaintiff's husband had sent two letters to the city legal department regarding the accident. The department had contacted him at least twice and the parties had negotiated settlement possibilities, all within the 60-day period. This Court held that because plaintiff's husband had in good faith attempted to fully apprise the city of the accident and surrounding circumstances and because the purpose of the notice statute is to advise the city so that it may investigate the occurrence, that statute had in fact been satisfied. This constituted substantial compliance with the statute. See also *Aaron* v. *City of Tipton*, (1941) 218 Ind. 227, 32 N.E.2d 88; *City of Gary* v. *Russell*, (1953) 123 Ind. App. 609, 112 N.E.2d 872; *Volk* v. *City of Michigan City*, (1941) 109 Ind. App. 70, 32 N.E.2d 724.

It is to be noted that in each of the foregoing cases the plaintiff attempted to render notice to the city and the city possessed a writing of some kind from the plaintiff evidencing the nature of the claim. In the case at bar however the plaintiff has done nothing to give the City of Logansport a notice, which the statute requires. He instead relies upon the city's actual knowledge of the accident and its two investigations within 60 days thereafter.

The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. *Aaron* v. *City of Tipton, supra.* The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute. This Court therefore holds that the trial judge was correct in

dismissing the action against defendant, City of Logansport, for failure to meet the statutory notice requirements.

Appellant Geyer contends that the notice statute is unconstitutional in that it prescribes arbitrary and unreasonable legislative classifications, and therefore is a violation of the guarantee of equal protection laws. His contention is without merit. The equal protection clauses of the United States and Indiana Constitutions do not preclude legislative classification so long as there is a rational and reasonable basis for the classification and so long as it bears a fair relationship to the purpose of the statute. *Allen* v. *Pavach,* (1975) 263 Ind. 574, 577, 335 N.E.2d 219, 221. The statute is not arbitrary or invidious, but is reasonable in scope and rational in purpose. We find therefore that the statute is constitutional.

The more important question is whether the statute would apply unconstitutionally in this particular case. We think not. Appellant Geyer does not contend that he is in any special group of persons, such as infants or incompetents who might be protected from the 60-day notice requirement. He merely asserts that the period is unconstitutionally short. Absent such special considerations, appellant cannot claim that the statute is unconstitutional as applied to him.

In his petition to transfer appellee Jackson contends that the Court of Appeals erred in reversing the trial court's granting of judgment on the evidence in his favor. The trial court's first ground for the motion was that "plaintiff has failed to prove by a preponderance of the evidence that the conduct of this defendant was negligent." The Indiana standards for ruling on a TR. 50 motion for judgment on the evidence are enunciated in *Miller* v. *Griesel,* (1974) 261 Ind. 604, 308 N.E.2d 701. In that case this Court held that the motion should be granted only where there is a "lack of reasonable evidence of probative value upon one or more of the factual issues necessary to support a

verdict and there is no reasonable inference that can be drawn from such evidence in favor of the plaintiff." 261 Ind. at 612, 308 N.E.2d at 707. Jackson also contends the trial judge was correct because both he and Geyer admitted that they did not foresee the possibility of Geyer being struck by a bullet. However the determination of what is reasonably foreseeable is not judged by the subjective opinions of those involved, but is based upon the standard of due care in avoiding a result which "might reasonably have been anticipated in the ordinary experience of men." *Slinkard* v. *Babb*, (1951) 125 Ind. App. 76, 86, 112 N.E.2d 876, 880, *trans. denied* 233 Ind. 633, 122 N.E.2d 463. See also 21 I.L.E. *Negligence*, § 65, p. 325. In addition, "if the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm *or the manner in which it occurred* does not prevent him from being liable." *Tabor* v. *Continental Baking Co.*, (1942) 110 Ind. App. 633, 644, 38 N.E.2d 257, 261. (emphasis supplied)

Applying these principles of law to the facts of the case at bar we find that the trial judge used an improper standard in ruling upon the motion for judgment on the evidence. Preponderance of the evidence is not the standard; a lack of reasonable evidence of probative value to support a verdict in the claimant's favor is. Here there was testimony from both plaintiff and an eyewitness that Jackson did not sound a warning or wave Geyer away. Such testimony was in conflict with Jackson's version of the events and the jury was entitled to resolve the conflicts and render a verdict. There being sufficient evidence of probative value to support a verdict in plaintiff's favor, we hold the trial court erred in granting judgment on the evidence and therefore concur with the opinion of the Court of Appeals at 346 N.E.2d 637, 639, in its finding of reversible error.

The second ground for the trial court's judgment was that the city notice requirement applied to city employees and

Geyer had not complied with it. Jackson has not challenged Geyer's contention that this was error. The only case in which this question has been decided is *England* v. *City of Richmond,* (7th Cir. 1969) 419 F.2d 1156. In that case the United States Court of Appeals for the Seventh Circuit held that Indiana's city notice statute does not apply to individual city employees. In view of the clear wording of the statute, referring only to "any municipal corporation," we think the *England* case correctly states the law in Indiana. Therefore Jackson cannot be discharged from liability on the ground that plaintiff Geyer failed to give him notice of claim within sixty days. Furthermore, a motion for judgment on the evidence is not the proper method for challenging a suit for lack of notice. As this Court said recently:

> "A plaintiff's failure to give the required notice . . . is *a defense which must be asserted in a responsive pleading."* *Thompson* v. *City of Aurora,* (1975) 263 Ind. 187, 190, 325 N.E.2d 839, 841 (original emphasis.)

In his answer to the complaint Jackson did not challenge the receipt of notice; he merely stated that he lacked information to form a belief as to the allegation that written notice had been served. This is insufficient to raise the question of compliance with the notice statute. *Thompson* v. *City of Aurora, supra.*

Finally it is contended that the loan agreement executed between plaintiff Geyer and defendant Murtha, along with his insurance company, constituted a full and complete release for all joint tort-feasors. This Court decided a similar question in *American Transport Co.* v. *Central Indiana Railway Co.,* (1970) 255 Ind. 319, 264 N.E.2d 64. In that case the plaintiff, after the trial at which he recovered $132,000 from two defendants, made an agreement with one of them in which the defendant's insurance company advanced the plaintiff $85,000. Plaintiff agreed to execute only against the other defendant and was entitled to keep the money

if he were unsuccessful. In return the defendant agreed to dismiss its appeal. This Court expressly approved the case of *Northern Indiana Public Service Co.* v. *Otis,* (1969) 145 Ind. App. 159, 250 N.E.2d 378, and held that the covenant not to execute was in fact a loan agreement which did not constitute partial payment nor release the joint tort-feasor. 255 Ind. at 322-323, 264 N.E.2d 67. In the case at bar the intention and effect of the agreement between Geyer and Murtha is clear. It is a loan agreement and does not release the joint tort-feasor Jackson.

For the foregoing reasons transfer is granted and the judgment of the trial court dismissing the action against the City of Logansport is affirmed. The trial court's granting of the motion for judgment on the evidence for defendant Jackson is reversed and remanded for a new trial on the merits.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 333.