382 N.E.2d 958 (1978)
DELAWARE COUNTY Indiana, Board of Commissioners of the County of Delaware, James A. Bartlett, Delaware County Highway Department, and Does I through X, Inclusive, Defendants-Appellants,
v.
Deloris J. POWELL, Plaintiff-Appellee.
No. 1-678A160.
Court of Appeals of Indiana, First District.
November 14, 1978.
Rehearing Denied December 14, 1978.
*959 David S. Wallace, Warner, Peckinpaugh & Wallace, Thomas A. Cannon, Cannon & Burns, Muncie, for defendants-appellants.
P. Gregory Cross, James J. Jordan, Dennis, Cross, Raisor, Jordan & Marshall, Muncie, for plaintiff-appellee.
LOWDERMILK, Judge.

STATEMENT OF THE CASE
This is a negligence action wherein defendants-appellants Delaware County Indiana, Board of Commissioners of Delaware County, James A. Bartlett, Delaware County Highway Department, and Does I through X, inclusive, (the county) bring this interlocutory appeal from the trial court's overruling of their motion for summary judgment.

FACTS
On September 5, 1974 plaintiff-appellee Deloris J. Powell, a California resident, was a passenger in a car which was struck by a county highway truck operated by James Bartlett and Does I and II. Powell was severely injured in the accident which occurred when the county highway truck allegedly failed to stop for a stop sign and struck broadside the car in which Powell was riding. Powell's injuries resulted in a lengthy and expensive convalescence period.
Soon after the accident, the insurance company for the county contacted Powell and paid her substantial sums of money for her medical expenses and loss of wages. These payments continued until June, 1976. According to Powell's affidavits, the insurance company's representative, Jerry Butt, continuously represented to her that the insurance company represented the county, that all responsibilities would be assumed by the company, that the county's liability for the accident was admitted, and that everything would be taken care of by the insurance company. Jerry Butt, by affidavit, denied that he or the company made any admissions of liability.
When Powell returned to California, she was contacted by Donald Burgmyer who informed her that he was the insurance company's local representative and that further proceedings on her claim would be accomplished through him. Payments for medical expenses continued until June, 1976 when Burgmyer advised Powell to make a final settlement in that the end of the two year statute of limitations was fast approaching.
At that point Powell grew suspicious, consulted an attorney, and filed a notice of her claim with the county in an attempt to comply with the notice provision of the tort claims statute, Ind. Code 34-4-16.5-7, which requires that notice of a loss must be filed within 180 days of the loss before a claim can be brought against the political subdivision responsible for causing the loss.
Powell's claim was rejected by the County Commissioners because of her failure to file her notice of loss within 180 days of the accident. On August 27, 1976 Powell brought a negligence action against the county. The county filed a motion for summary judgment based on Powell's failure to file a notice of claim in accordance with IC 34-4-16.5-7. From the trial court's overruling of the county's motion for summary judgment the county brings this interlocutory appeal.

ISSUE
1. Whether the trial court erred in overruling the county's motion for summary judgment.

DISCUSSION AND DECISION
The county contends that the trial court erred in overruling the county's motion for *960 summary judgment in that Powell failed to show that she had complied with the procedural precedent of filing notice of loss or injury with the governing body of the pertinent political subdivision within 180 days of the loss. Powell counters the county's contention by arguing that because of the acts of the county and its agents, which led Powell to believe that "everything would be taken care of" without having to go to court, the county should be deemed to have waived its right to receive notice or should be estopped to assert the notice statute as a defense. We disagree.
In a majority of jurisdictions throughout the nation the notice provision of the tort claims act cannot be tolled nor waived, nor is it subject to estoppel.[1] However, in those states which do not permit waiver or estoppel, the notice provision is characterized as a statutory condition precedent, rather than a statute of limitations.[2] In Indiana the notice provision of our tort claims statute has been characterized neither as a statute of limitations, nor as a statutory condition precedent, but rather it has been described as a procedural precedent, a hybrid creature which has some of the characteristics of a statute of limitations, a statutory condition precedent, and an affirmative defense, but has all of the characteristics of none.
In Thompson v. City of Aurora, (1975) 263 Ind. 187, 325 N.E.2d 839, 842-843, our Supreme Court stated:
["In] Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88, we reaffirmed the common law basis of municipal liability and confessed error in the Touhey [v. City of Decatur, (1911) 175 Ind. 98, 93 N.E. 540] decision. In criticizing the Touhey conclusion that municipal liability was statutory, we noted that such conclusion was premised upon cases from jurisdictions where there had been no common law liability imposed upon cities. The court in Aaron then examined the function of the notice statute, in a jurisdiction recognizing common law liability:
`Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely establish a procedural step which was necessary to the remedy of bringing an action to enforce the liability.'
218 Ind. 227, 235-36, 32 N.E.2d 88, 91.
We believe that Aaron properly defines this statutory notice requirement as a procedural precedent which must be accomplished before filing suit, but which is not an element of the cause of action.
* * * * * *
As stated in Aaron, the notice requirement is not an element of a plaintiff's claim of negligence, but rather a procedural precedent which must be performed prior to commencement of the suit. It has long been recognized that procedural precedents are not within the scope of TR. 9(C)... .
* * * * * *
The effect of such holding is that Trial Rule 9(C) is inapplicable to this case. Reaching a similar conclusion, the Supreme Court of Washington stated in Goodner v. Chicago, M. St. P. & Pac. R.R. (1962), 61 Wash.2d 12, 377 P.2d 231, 239:
`The statute requiring the filing of a claim with the county is a procedural statute, and the filing of such a claim is a procedural condition precedent, which it is not necessary to plead. The defendant may raise the objection that no *961 claim was filed, in which case the burden is on the plaintiff to show that he has complied with the statute.'
See also, Johnson v. Asotin County (1970), 3 Wash. App. 659, 477 P.2d 207, 210.
Undoubtedly, a plaintiff must give a city the notice which the statute mandates. Under our new rules of procedure, however, a plaintiff is no longer required to plead fulfillment of procedural precedents. When a plaintiff fails to give the required notice, the city has a defense cognizable under TR. 12(B), which must be asserted in a responsive pleading (answer) to plaintiff's complaint. The city must state the defense in short and plain terms. TR. 8(B). Lack of notice is thus placed in issue, and plaintiff bears the burden of proving compliance with the statute. On the city's motion under TR. 12 or TR. 56, the collateral issue of notice may be speedily resolved before trial...." (Our insert)
In Geyer v. City of Logansport, (1977) Ind., 370 N.E.2d 333, 336, our Supreme Court held as follows:
"The question of substantial compliance with this statutory provision was addressed in Galbreath v. City of Indianapolis (1970), 253 Ind. 472, 255 N.E.2d 225. In that case the plaintiff's husband had sent two letters to the city legal department regarding the accident. The department had contacted him at least twice and the parties had negotiated settlement possibilities, all within the 60-day period. This Court held that because plaintiff's husband had in good faith attempted to fully apprise the city of the accident and surrounding circumstances and because the purpose of the notice statute is to advise the city so that it may investigate the occurrence, that statute had in fact been satisfied. This constituted substantial compliance with the statute. See also Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88; City of Gary v. Russell (1953), 123 Ind. App. 609, 112 N.E.2d 872; Volk v. City of Michigan City (1941), 109 Ind. App. 70, 32 N.E.2d 724.
It is to be noted that in each of the foregoing cases the plaintiff attempted to render notice to the city and the city possessed a writing of some kind from the plaintiff evidencing the nature of the claim. In the case at bar however the plaintiff has done nothing to give the City of Logansport a notice, which the statute requires. He instead relies upon the city's actual knowledge of the accident and its two investigations within 60 days thereafter.
The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. Aaron v. City of Tipton, supra. The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute. This Court therefore holds that the trial judge was correct in dismissing the action against defendant, City of Logansport, for failure to meet the statutory notice requirements."
It can be seen, then, that the notice provision of the tort claims statute is like an affirmative defense in that it must be placed in issue by the defendant in his responsive pleading,[3] but it is unlike an affirmative defense in that, once the matter of notice is raised, it is the plaintiff, not the defendant, who has the burden of proving compliance with the procedural precedent.[4]
In the manner of a statute of limitations, but not in the manner of a statutory condition *962 precedent, the notice provision of the tort claims statute can be tolled[5] or waived[6] in certain circumstances, but unlike a statute of limitations, and like a condition precedent, once the matter is raised in the responsive pleading by the defendant, the plaintiff must show compliance with the terms of the statute or his action is barred.[7]
To summarize the law as it now stands the notice provision of the tort claims statute is a procedural precedent which can be tolled by incompetency and waived by the defendant's failure to assert the plaintiff's noncompliance in the defendant's responsive pleading. The notice provision is not a true statutory condition precedent, neither is it a statute of limitations, nor an affirmative defense. Once the issue of notice has been raised by the defendant, the plaintiff must show either actual or substantial compliance with the procedural precedent, or his action is barred. Therefore, like a true statutory condition precedent, a procedural precedent, once properly placed in issue, cannot be subject to estoppel or waived as a result of prior actions of the defendant or its agents.
A written notice, which manifests the nature of the claim, must be given to the political subdivision within the time designated by the notice provision of the tort claims statute, so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim. Neither actual knowledge of the occurrence, nor investigation of the incident by the political subdivision or its insurer is sufficient to meet the purposes of the statute.[8] Where no written notice is given within the statutorily prescribed time period, and such is placed in issue by the defendant's responsive pleading, the plaintiff has simply failed to meet the required procedural precedent, and the acts of the agents of the political subdivision or its insurer which are done in furtherance of the investigation and settlement of the matter cannot give rise to estoppel or waiver.
In Middleton Motors, Inc. v. Indiana Department of State Revenue, etc., (1978) Ind., 380 N.E.2d 79, 81, our Supreme Court states the following which, although it is addressed to a matter which involves a true statutory condition precedent, we are of the opinion is pertinent to the procedural precedent which is under scrutiny in the case at bar:
"... When the legislature enacts procedures and timetables which act as a precedent to the exercise of some right or remedy, those procedures cannot be circumvented by the unauthorized acts and statements of officers, agents or staff of the various departments of our state government. See Walgreen Co. v. Gross Income Tax Division, (1947) 225 Ind. 418, 75 N.E.2d 784. All persons are charged with the knowledge of the rights and remedies prescribed by statute. See City of Evansville v. Follies, (1974) 161 Ind. App. 396, 315 N.E.2d 724."
In the case at bar Powell tendered no written notice of her claim to the county until nearly two years after the occurrence of the accident in which she was injured. She has alleged no incompetence which would delay the period of filing her notice of claim pursuant to IC 34-4-16.5-8. In that waiver and estoppel cannot properly be raised to show good cause for noncompliance *963 with a procedural precedent we are constrained to hold that Powell has failed to show that she complied with the notice provision of the tort claims statute and that her action against the county is barred. Therefore, we hold that the trial court erred in denying the county's motion for summary judgment.
Powell maintains that, assuming arguendo her action against the county is barred, she can nevertheless continue her action against James Bartlett in his individual capacity. As authority to support her contention, Powell cites Geyer, supra, 370 N.E.2d 333 at 337, where our Supreme Court held that the plaintiff's failure to give the required notice to the city did not preclude the plaintiff from bringing an action against the employee who caused his injury.
We note, however, that the plaintiff's action in Geyer, supra, was filed prior to the enactment of Ind. Code 34-4-16.5-5(a) which provides:
"(a) A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement."
In the case at bar the county is entitled to summary judgment. A summary judgment is a final judgment which precludes further action against that party in whose favor judgment was entered. We, therefore, hold that the judgment rendered in the case at bar in favor of the county bars, in accordance with IC 34-4-16.5-5(a), any further action against James Bartlett,[9] the employee whose conduct gave rise to the claim resulting in that judgment.
Reversed and remanded with instructions that judgment be entered in a manner consistent with the views expressed in this opinion.
ROBERTSON and YOUNG (participating by designation), JJ., concur.
NOTES
[1] See Annotation 62 A.L.R.2d 1278, 1280.
[2] A statute of limitations can be tolled or waived, but a statutory condition precedent cannot. See Marhoefer Packing Co., Inc. v. Ind. Department of State Revenue, (1973) 157 Ind. App. 505, 301 N.E.2d 209, 216, and Department of Revenue v. Mumma Brothers Drilling Company, (1977) Ind. App., 364 N.E.2d 167, 170, where it states:

"... A statute of limitations does not create or extinguish a right. It only places limitations upon a remedy which may be tolled or waived. The limitation in the instant case, however, is a condition essential to the existence of the right and cannot be tolled or waived."
[3] See Thompson, supra, and Geyer, supra.
[4] Compare Thompson, supra, which places the burden of proving compliance with Ind. Rules of Procedure, Trial Rule 8(C) where it states in part:

"... A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters... ."
[5] See Ind. Code 34-4-16.5-8 and City of Fort Wayne v. Cameron, (1977) Ind., 370 N.E.2d 338, where the notice requirement was tolled due to the incompetency of the plaintiff.
[6] See Thompson, supra, 325 N.E.2d 839 at 841, where it states:

"... A plaintiff's failure to give the required notice, however, is a defense which must be asserted in a responsive pleading. In the case at bar, defendant's answer did not assert such defense. Plaintiff was therefore not required to prove that the notice had been given... ." (Original emphasis)
[7] See Thompson, supra, 325 N.E.2d 839 at 843, where it states: "Undoubtedly, a plaintiff must give a city the notice which the statute mandates." The logical inference is that once the defendant has raised the "notice" defense, the plaintiff must prove that he fulfilled the procedural precedent, or his action is barred.
[8] See Geyer, supra.
[9] We note that further action is also barred against the other employees involved who were unnamed.