DELAWARE COUNTY Indiana, Board of Commissioners of the County of Delaware, James A. Bartlett, Delaware County Highway Department, and Does I through X, Inclusive, Appellants,

v.

Deloris J. POWELL, Appellee.

No. 1179S304.

Supreme Court of Indiana.

Nov. 5, 1979.

David S. Wallace, Warner, Peckinpaugh & Wallace, Muncie, Thomas A. Cannon, Cannon & Bruns, Muncie, for appellants.

P. Gregory Cross and Perry W. Cross, Dennis, Cross, Raisor, Jordan & Marshall, Muncie, for appellee.

Howard S. Young, Jr., Young & Young, Indianapolis, amicus curiae for appellee.

## ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on petition to transfer. The Court of Appeals held that the trial court erred in denying a motion for summary judgment made by the county and that the summary judgment to which the county is entitled bars any further action against the employee involved, James Bartlett, under Ind.Code § 34–4–16.5–5a (Burns 1976). *Delaware County v. Powell,* (1978) Ind.App., 382 N.E.2d 958.

In summary, the facts are that on September 5, 1974, Deloris Powell, a passenger in a car struck by a Delaware County Highway truck, was severely injured. The county's insurance carrier contacted Powell and made payments to her totalling approximately $19,000. Powell claims the insurance company admitted the county's liability and stated that they would take care of everything. The insurance company's representative denied he made admissions of liability. After Powell, a California resident, returned to California, the local agent of Delaware County's carrier informed Powell in June of 1976 that she should make final settlement because of the two-year statute of limitations. Powell consult-

ed an attorney and at this point, one and one-half years after the accident, filed a written notice of claim with the County Commissioners. They rejected the claim because it exceeded the 180-day statutory limit for the filing of notice. Ind.Code § 34–4–16.5–7 (Burns 1976).

On August 15, 1976, Powell sued the Commissioners, the truck driver, and other county employees. Defendants filed a motion for summary judgment which was overruled and denied by the trial court in an order issued April 21, 1978. Defendants appealed this ruling of the trial court in an interlocutory appeal to the Court of Appeals. It is from the decision of that court holding that the trial court erred in denying summary judgment that this transfer arises. The Court of Appeals decision was based on their conclusion that the notice requirement is a procedural precedent and that "a procedural precedent, once properly placed in issue, cannot be subject to estoppel or waived as a result of prior actions of the defendant or its agents." *Id.* at 962.

We disagree and grant transfer.

It is clear that the procedure for filing a notice of claim within the 180 day limit was not followed. The issues we are concerned with are whether a claim of waiver of the notice requirement or estoppel, or a claim of substantial compliance with the notice requirement can be made under the facts and circumstances of this case.

The authorities in this area have been discussed by the parties and the Court of Appeals. In *Geyer v. Logansport,* (1977) Ind., 370 N.E.2d 333, the Supreme Court reversed the Court of Appeals and stated the purpose of the notice statute was to inform city officials of the accident and circumstances so possible liability could be determined and a defense could be prepared. The affirmative duty the language of the statute placed upon the plaintiff to deliver a writing describing the claim to the city was noted.

In *City of Fort Wayne v. Cameron,* (1977) Ind., 370 N.E.2d 338, it was held that if a party is physically and mentally incapacitated to the extent he could not comply with the provisions of the notice statute, he would have a reasonable time to file the notice after the disability was removed.

From *Geyer, supra,* and *Cameron, supra,* it is clear that mere actual knowledge of the occurrence or routine investigation of it is not sufficient to constitute substantial compliance with the statute. However, it is equally clear from these cases that the notice requirement can be waived or substantial compliance may be proved. Failure to raise the defense of non-compliance with the statute can also waive the notice requirement. *Thompson v. City of Aurora,* (1975) 263 Ind. 187, 325 N.E.2d 839, 842–43. Thus, acts or conduct of the defendant can waive the notice requirement.

Although the specifics of the purposes of the notice statute have been elaborated upon in the previous cases, Justice Hunter stated the larger consideration underlying allowing proof of substantial compliance in *Galbreath v. City of Indianapolis,* (1970) 253 Ind. 427, 255 N.E.2d 225. *Galbreath* has been cited may times with continuing approval. The significant language of that opinion reads as follows:

The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.* (original emphasis)

253 Ind. at 480, 255 N.E.2d at 229. Substantial compliance was found to exist where there was notice to the city legal department rather than the mayor or clerk as the statute required, and the purpose of the statute had been satisfied.

In *City of Indianapolis v. Satz,* (1978) Ind., 377 N.E.2d 623 these general principles were restated and the Court refused to hold that the mere investigation of an accident by the city, an executed release and an ordinary letter of complaint to the mayor, constituted substantial compliance with the notice requirements of the statute when the letter sent did not contain a description of the incident, the cause and conditions there-

of or the nature and extent of any injuries as required by the statute. The Court refused to extend the *Galbreath* rationale to hold that notice to a police department or other department acting without the knowledge and advice of the city legal department is substantial compliance with the notice statute.

However, it appears that acts or conduct of the defendant or his agent as well as acts of the plaintiff could establish that the purposes of the statute were satisfied, that is, that the city was advised of the accident and that it promptly investigated the surrounding circumstances to determine its possible liability and to prepare a defense. Other facts proving preparation of a defense or admissions of liability; letters or writings involving descriptions of the incident, causes and conditions thereof or the nature and extent of injuries; promises; payments; settlements or other conduct or acts of the defendant or his agents or of the plaintiff, could be offered to prove that the purposes of the statute have been satisfied. When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel.

In the present case, it appears that the trial court found material issues of fact existed as to whether the acts and conduct of the defendants and defendant's insurer could constitute a waiver of notice or create an estoppel to assert failure to comply with the notice requirements, or whether there was substantial compliance with the notice requirement, or whether an extension of time for filing notice had been created by these acts and conduct. The trial court properly overruled and denied defendant's motion for summary judgment.

"The question of compliance with the statute is not a question of fact for the jury. It is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading. If so

raised the plaintiff then has the burden of proving compliance. The trial court must make the determination of whether proper notice was given and must do so prior to trial. *Thompson v. City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839 . . ."

*City of Indianapolis v. Satz*, (1978) Ind., 377 N.E.2d 623 at 625.

The Court of Appeals opinion is in error in not permitting proof of substantial compliance, waiver, or estoppel to go to the trial judge. Transfer is granted, the Court of Appeals opinion is vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.