**LAWRENCE COUNTY
COMMISSIONERS,
Defendant-Appellant,**

v.

**Diana G. CHORELY, Plaintiff-Appellee.**

**No. 1-679A176.**

Court of Appeals of Indiana,
First District.

Dec. 27, 1979.

Lee Pettay, Bloomington, for defendant-appellant.

NEAL, Judge.

This is an appeal from the Lawrence County Court from a judgment in favor of plaintiff-appellee, Diana G. Chorely, and against the defendant-appellant, Board of

Commissioners of Lawrence County, for damages to appellee's automobile arising out of an incident where stones fell from appellant's truck while being operated upon a public highway.

We affirm.

This action was tried as a small claim and appellee appeared pro se. She has not filed a brief on appeal. The primary issue is whether the appellee sufficiently complied with the notice requirement of the Tort Claims Act.

The facts most favorable to the appellee in support of the judgment relating to. notice or the lack thereof as required by the Tort Claims Act are as follows:

On September 6, 1978, appellee's car was damaged by stones falling off appellant's truck. On the same day appellee called one of the commissioners, Don Fisk, by phone, and told him of the accident. He informed appellee that he had already been apprised of the accident by the driver of the truck. Fisk told her the claim would be settled, she should get estimates and bring them to him, and he would turn them over to the insurance adjuster.

On September 25, 1978, appellee delivered the estimates to the assistant highway superintendent's office for forwarding to the insurance company. Appellee called Fisk a "couple times" in the ensuing week, and he told her that the insurance company would get in touch with her. Sometime between October 21, 1978, and October 27, 1978, appellee discovered that the estimates had been lost, and thereupon she provided other estimates directly to the insurance company. Sometime later the insurance agent called appellee and advised her to sue. Appellee filed her claim on October 27, 1978.

Insomuch as the cause of action is in tort, the applicable portions of the notice provisions of the Tort Claims Act must be examined. The relevant notice sections are as follows:

Ind.Code 34–4–16.5–6:

"Except as provided in section 8[34–4–16.5–8] of this chapter a claim against the state is barred unless notice is filed with the attorney-general and the state agency involved within one hundred eighty [180] days after the loss occurs. However, if notice to the state agency involved is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts to determine and serve notice on the right state agency."

Ind.Code 34–4–16.5–7:

"Except as provided in section 8[34–4–16.5–8] of this chapter a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred eighty [180] days after the loss occurs.".

Ind.Code 34–4–16.5–9:

"The notice required by sections 6, 7, and 8[34–4–16.5–6—34–4–16.5–8] of this chapter shall describe in a short and plain statement the facts on which the claim is based. The statements shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

Ind.Code 34–4–16.5–10:

"Within ninety [90] days of the filing of a claim the governmental entity shall notify the claimant in writing of its approval or denial of the claim. A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety [90] days, unless the parties have reached a settlement before the expiration of that period."

Ind.Code 34–4–16.5–11:

"The notices required by sections 6, 7, 8[34–4–16.5–6—34–4–16.5–8], and 10[34–4–16.5–10] of this chapter must be in writing and must be delivered in person or by registered or certified mail."

Ind.Code 34–4–16.5–12:

"A person may not initiate a suit against a governmental entity unless his claim has been denied in whole or in part."

The trial court overruled appellant's motion to dismiss based on the failure of appellee to give timely notice. The court, in the conclusions of law filed in the case, proceeded on a combination of two theories: (1) that appellee substantially complied with the notice provisions, and (2) under the small claims proceedings in county court, the giving of notice required by the Tort Claims Act was not necessary as a precondition to bringing her suit.

Since the perfection of this appeal, and since the brief was filed, our Supreme Court granted transfer and vacated the opinion of the Court of Appeals in *Delaware County v. Powell*, (1978) Ind.App., 382 N.E.2d 958. The Supreme Court opinion, in Cause No. 1179S304, handed down on November 5, 1979, sets forth the following:

"In summary, the facts are that on September 5, 1974, Deloris Powell, a passenger in a car struck by a Delaware County Highway truck, was severely injured. The county's insurance carrier contacted Powell and made payments to her totalling approximately $19,000. Powell claims the insurance company admitted the county's liability and stated that they would take care of everything. The insurance company's representative denied he made admissions of liability. After Powell, a California resident, returned to California, the local agent of Delaware County's carrier informed Powell in June of 1976 that she should make final settlement because of the two-year statute of limitations. Powell consulted an attorney and at this point, one and one-half years after the accident, filed a written notice of claim with the County Commissioners. They rejected the claim because it exceeded the 180-day statutory limit for the filing of notice. Ind.Code § 34–4–16.5–7 (Burns 1976).

On August 15, 1976, Powell sued the Commissioners, the truck driver, and other county employees. Defendants filed a motion for summary judgment which was overruled and denied by the trial court in an order issued April 21, 1978. Defendants appealed this ruling of the trial court in an interlocutory appeal to the Court of Appeals. It is from the decision of that court holding that the trial court erred in denying summary judgment that this transfer arises. The Court of Appeals decision was based on their conclusion that the notice requirement is a procedural precedent and that 'a procedural precedent once properly placed in issue cannot be subject to estoppel or waived as a result of prior actions of the defendant or its agent.' Id. [382 N.E.2d] at 962.

We disagree and grant transfer.

It is clear that the procedure for filing a notice of claim within the 180 day limit was not followed. The issues we are concerned with are whether a claim of waiver of the notice requirement or estoppel, or a claim of substantial compliance with the notice requirement can be made under the facts and circumstances of this case.

The authorities in this area have been discussed by the parties and the Court of Appeals. In *Geyer v. Logansport*, (1977) Ind., 370 N.E.2d 333, the Supreme Court reversed the Court of Appeals and stated the purpose of the notice statute was to inform city officials of the accident and circumstances so possible liability could be determined and a defense could be prepared. The affirmative duty the language of the statute placed upon the plaintiff to deliver a writing describing the claim to the city was noted.

In *City of Fort Wayne v. Cameron*, (1977) Ind., 370 N.E.2d 338, it was held that if a party is physically and mentally incapacitated to the extent he could not comply with the provisions of the notice statute, he would have a reasonable time to file the notice after the disability was removed.

From *Geyer, supra*, and *Cameron, supra*, it is clear that mere actual knowledge of the occurrence or routine investigation of it is not sufficient to constitute substantial compliance with the statute. However, it is equally clear from these cases that the notice requirement can be waived or substantial compliance may be proved. Failure to raise the defense of

non-compliance with the statute can also waive the notice requirement. *Thompson v. City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839, 842–43. Thus, acts or conduct of the defendant can waive the notice requirement.

Although the specifics of the purposes of the notice statute have been elaborated upon in the previous cases, Justice Hunter stated the larger consideration underlying allowing proof of substantial compliance in *Galbreath v. City of Indianapolis*, (1970) 253 Ind. 427, 255 N.E.2d 225. *Galbreath* has been cited many times with continuing approval. The significant language of that opinion reads as follows:

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.* (original emphasis)

253 Ind. at 480, 255 N.E.2d at 229.
Substantial compliance was found to exist where there was notice to the city legal department rather than the mayor or clerk as the statute required, and the purpose of the statute had been satisfied.

In *City of Indianapolis v. Satz*, (1978) Ind., 377 N.E.2d 623, these general principles were restated and the Court refused to hold that the mere investigation of an accident by the city, an executed release and an ordinary letter of complaint to the mayor, constituted substantial compliance with the notice requirements of the statute when the letter sent did not contain a description of the incident, the cause and conditions thereof or the nature and extent of any injuries as required by the statute. The Court refused to extend the *Galbreath* rationale to hold that notice to a police department or other department acting without the knowledge and advice of the city legal department is substantial compliance with the notice statute.

However, it appears that acts or conduct of the defendant or his agent as well as acts of the plaintiff could establish that the purposes of the statute were satisfied, that is, that the city was advised of the accident and that it promptly investigated the surrounding circumstances to determine its possible liability and to prepare a defense. Other facts proving preparation of a defense or admissions of liability; letters or writings involving descriptions of the incident, causes and conditions thereof or the nature and extent of injuries; promises; payments; settlements or *other conduct* or acts of the defendant or his agents or of the plaintiff, could be offered to prove that the purposes of the statute have been satisfied. When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel.

In the present case, it appears that the trial court found material issues of fact existed as to whether the acts and conduct of the defendants and defendant's insurer could constitute a waiver of notice or create an estoppel to assert failure to comply with the notice requirements, or whether there was substantial compliance with the notice requirement or whether an extension of time for filing notice had been created by these acts and conduct. The trial court properly overruled and denied defendant's motion for summary judgment.

'The question of compliance with the statute is not a question of fact for the jury. It is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading. If so raised the plaintiff then has the burden of proving compliance. The trial court must make the determination of whether proper notice was given and must do so prior to trial. *Thompson v. City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839 . . . .'

*City of Indianapolis v. Satz,* (1978) Ind., 377 N.E.2d 623 at 625." (Insertion added.)

 We are of the opinion that this case is dispositive of the issues raised in the case at bar. Here, the defendant had actual knowledge on the day of the accident, agreed to pay the damages, investigated the claim, took estimates, and told the plaintiff to sue, and she did sue. It is to be noted that the accident occurred on September 26, 1978, and the trial was held on December 4, 1978, sixty-nine days later, all within the 180-day notice period. There are sufficient facts in the record from which the court could have found that the acts and conduct of the defendant and defendant's insurer created a waiver of notice, or an estoppel, or that there had been substantial compliance with the statute by plaintiff. This court will not weigh the evidence nor judge the credibility of witnesses. *Dubreuil v. Pinnick,* (1978) Ind.App., 383 N.E.2d 420.

The conclusions of law filed by the trial court quoted Ind.Code 33-10.5-7-2(c) which is as follows:

> "The [small claims] trial shall be informal, with the sole objective of dispensing speedy justice between the parties *according to the rules of substantive law,* and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers to compromise." (Emphasis added, insertion added.)

The trial court then ruled that this section abrogated the necessity of notice under the Tort Claims Act in small claims proceedings. We disagree.

 According to *Delaware County, supra,* and *City of Indianapolis, supra,* lack of notice under the Tort Claims Act is a complete defense to a tort action. Ind.Code 33-10.5-7-2(c) addresses itself to ordinary and general trial procedures, evidentiary matters, and pleadings, and permits a trial between unrepresented citizens to proceed in an informal, relaxed atmosphere. We hold that the notice requirement of the Tort Claims Act applies in small claims proceed-ings as well as in any other court. To hold otherwise would cause a different result on the same facts depending on whether the claim was filed in county court on the small claims docket, or in circuit or superior court. We do not believe the legislature intended such a result in enacting Ind.Code 33-10.5-7-2(c).

The judgment of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.