**Marko GALOVICK, Plaintiff-Appellant,**

v.

**STATE of Indiana, BOARD OF COMMIS-SIONERS OF MONTGOMERY COUN-TY, Montgomery County, Bob Clements, Individually and d/b/a Clements Canoe Rental and Sales, and Marge Clements, Individually and d/b/a Clements Canoe Rental and Sales, Defendants-Appellees.**

No. 1–981A289.

Court of Appeals of Indiana,
First District.

July 20, 1982.

Rehearing Denied Sept. 13, 1982.

John A. Perrin, Auberry, Stanek & Perrin, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas Ralph Hamill, G. Richard Potter, Robert S. Spear, Deputy Attys. Gen., Indianapolis, for State of Ind.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant Marko Galovick (Marko) appeals the granting of summary judgment entered in the Montgomery Circuit Court in favor of the State of Indiana (State) upon Marko's failure to comply with the notice requirements under Indiana's Tort Claims Act (Act), Ind. Code 34–4–16.5–6.

We affirm.

## STATEMENT OF THE FACTS

Following an injury from a swimming accident which occurred on July 26, 1978, Marko sent the Attorney General of Indiana a notice of a claim for damages on January 18, 1979. The notice was filed within the statutorily required 180 day period from the date of the incident. Afterward, on July 25, 1980, Marko filed his complaint against the State[1]; however, aside from notifying the Attorney General's office, he failed to serve notice of his claim upon a state agency within 180 days after the loss as required under Ind.Code 34–4–16.5–6. Thereafter, the State filed a motion for summary judgment which the trial court granted in the following order:

"The Court having had under advisement the motion for summary judgment filed on behalf of defendant State of Indiana, now finds that there is no genuine issue of material fact on the question raised by the motion for summary judgment; that as an uncontested fact plaintiff failed to serve the State of Indiana with a notice of claim in the manner required by and pursuant to I.C. 34–4–16.5–6 in that the plaintiff did not serve any notice on the state agency involved within 180 days after the loss occurred; that there was no effort made to serve notice, pursuant to that statute on any official or agency of the State other than notice filed with the attorney ·general; and that failing an effort to serve the appropriate agency the substantial compliance doctrine is not applicable to cure the procedural defect; that the procedural defect is a complete bar to any action against the defendant State of Indiana and that the motion for summary judgment should be granted and there is no reason for delay in entering the judgment and the Clerk should enter judgment dismissing the action as to defendant State of Indiana.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that plaintiff's complaint against defendant State of Indiana be and it is hereby dismissed and the Clerk is directed to enter judgment forthwith."

## ISSUE

Marko presents as his sole issue for review:

Does a plaintiff's timely service through his Illinois attorney of a Notice of Claim against the State of Indiana on the Attorney General of Indiana constitute substantial compliance with the Notice of Claims requirement of the Tort Claims Act sufficient to permit maintenance of a subsequent action in tort against the State of Indiana?

## DISCUSSION AND DECISION

Marko argues that his sending timely notice to the office of the Attorney General of his claim against the State showed a good faith effort to comply with the Act and substantial compliance with the notice requirements of the Act. Therefore, the State's motion for summary judgment should have been denied, citing *Delaware County v. Powell,* (1979) Ind., 393 N.E.2d 190; *Geyer v. City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333.

The standard of review of a summary judgment is the same as that of the trial court; summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Matter of Estate of Belanger,* (1982) Ind. App., 433 N.E.2d 39. All facts alleged by the non-moving party are regarded as true and all doubts are resolved against the moving party. *Belanger, supra.*

Ind.Code 34–4–16.5–6 provides:

· "Except as provided in section 8 of this chapter *a claim against the state is barred unless notice is filed with the attorney general and the state agency in-*

---

[1]. Although Marko's complaint against the State was dismissed, the following other parties were named as defendants: Board of Commissioners of Montgomery County; Montgomery County; Bob Clements, Individually and d/b/a Clements Canoe Rental and Sales; Marge Clements, Individually and d/b/a Clements Canoe Rental and Sales.

*volved within one hundred eighty (180) days after the loss occurs.* However, if notice to the state agency involved is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts to determine and serve notice on the right state agency." (Emphasis added.)

In *Geyer*, the Supreme Court reversed the Court of Appeals which had found that the defendant City's involvement with and investigation of the plaintiff's claim constituted substantial compliance with the requirements of the notice statute in an action against the city pursuant to Ind.Code 18–2–2–1. In reversing, the Supreme Court stated:

"It is to be noted that in each of the foregoing cases the plaintiff attempted to render notice to the city and the city possessed a writing of some kind from the plaintiff evidencing the nature of the claim. In the case at bar however the plaintiff has done nothing to give the City of Logansport a notice, which the statute requires. He instead relies upon the city's actual knowledge of the accident and its two investigations within 60 days thereafter.

The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. *Aaron v. City of Tipton, supra* [218 Ind. 227, 32 N.E.2d 88]. The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute. This Court therefore holds that the trial judge was correct in dismissing the action against defendant, City of Logansport, for failure to meet the statutory notice requirements."

267 Ind. at 338–9, 370 N.E.2d 333.

In *Powell*, the Supreme Court examined the notice provisions of the Tort Claims Act in an action against a county under Ind.

Code 34–4–16.5–7. There, the issue was whether a claim of waiver of the notice requirement or estoppel, or a claim of substantial compliance with the notice requirement can be made under the facts and circumstances of the case. The Court of Appeals held that the trial court erred in denying the county's motion for summary judgment. In reversing, the Supreme Court stated:

"In the present case, it appears that the trial court found material issues of fact existed as to whether the acts and conduct of the defendants and defendant's insurer could constitute a waiver of notice or create an estoppel to assert failure to comply with the notice requirements, or whether there was substantial compliance with the notice requirement, or whether an extension of time for filing had been created by these acts and conduct. The trial court properly overruled and denied defendant's motion for summary judgment.

'The question of compliance with the statute is not a question of fact for the jury. It is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading. If so raised the plaintiff then has the burden of proving compliance. The trial court must make the determination of whether proper notice was given and must do so prior to trial. *Thompson v. City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839 . . .'

*City of Indianapolis v. Satz*, (1978) [268] Ind. [581] 377 N.E.2d 623 at 625."

393 N.E.2d at 192.

Guided by the Supreme Court's ruling in *Powell*, this court followed with its decision of *Lawrence County Commissioners v. Chorely*, (1979) Ind.App., 398 N.E.2d 694. In *Chorely*, the issue was whether the plaintiff, in her suit against the defendant county, sufficiently complied with the notice requirement of the Tort Claims Act. Upon affirming the trial court's judgment in favor of the plaintiff, we said:

"Here, the defendant had actual knowledge on the day of the accident, agreed to

pay the damages, investigated the claim, took estimates, and told the plaintiff to sue, and she did sue. It is to be noted that the accident occurred on September 26, 1978, and the trial was held on December 4, 1978, sixty-nine days later, all within the 180-day notice period. There are sufficient facts in the record from which the court could have found that the acts and conduct of the defendant and defendant's insurer created a waiver of notice, or an estoppel, or that there had been substantial compliance with the statute by plaintiff. This court will not weigh the evidence nor judge the credibility of witnesses. *Dubreuil v. Pinnick*, (1978) Ind.App., 383 N.E.2d 420."

398 N.E.2d at 698.

The facts in *Chorely* are inapposite to the case at bar. Here, as the trial court found, Marko made no attempt to serve notice on any official or agency of the State other than the notice sent to the Attorney General. Marko admits that he only sent notice of the claim to the Attorney General. As in *Geyer*, Marko has done nothing to give the State a notice, which the statute requires. Lack of notice under the Tort Claims Act is a complete defense to a tort action. *Chorely, supra.* Therefore, the trial court's entry of summary judgment was correct since no genuine issue of material fact exists and the court correctly applied the law.

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.