**INDIANA STATE HIGHWAY COMMISSION, Appellant (Defendant Below),**

v.

**Bonnie C. MORRIS, Personal Representative of the Estate of Cindy J. Morris, Deceased, Sherri Norton and Kathy L. Morris, Appellees (Plaintiffs Below).**

No. 1–785A182.

Court of Appeals of Indiana, First District.

Feb. 10, 1986.

Rehearing Denied March 12, 1986.

**714**

Linley E. Pearson, Atty. Gen., Robert F. Hassett, Deputy Atty. Gen., Indianapolis, for appellant.

Peter Campbell King, Cline, King & King, Patrick W. Harrison, Columbus, Tom G. Jones, Jones, Loveall & Johnson, Franklin, for appellees.

ROBERTSON, Presiding Judge.

Appellant State Highway Commission (Commission) is appealing a judgment entered on a jury verdict in favor of appellees Bonnie Morris, personal representative of the estate of Cindy Morris, Sherri Norton, and Kathy Morris (plaintiffs).

We reverse.

The facts were stipulated for purposes of this appeal. On October 14, 1978, a motor vehicle driven by Cindy Morris collided head-on with a vehicle driven by Sally Hauersperger, on a one-lane bridge located on State Road 258 just west of Seymour, Indiana. As a result of the accident, Cindy Morris was killed, and the passengers in her vehicle were injured.

On February 5, 1979, counsel for plaintiffs sent by certified mail a notice of claim to the State Highway Commission. A separate notice was sent on behalf of each plaintiff. These notices were received the next day by William T. May, an employee of the Highway Commission who was responsible in part for coordinating discovery requests within the Commission and for assisting the Attorney General's office in collecting responses to discovery requests. As was the usual practice, May made copies of the notices and sent them, with a transmittal, to the Attorney General. Counsel for the plaintiffs had neither requested that a copy of the notices be forwarded to the Attorney General, nor had a duplicate copy of the notices been supplied to the Commission for that purpose. Moreover, counsel for plaintiffs did not send a notice of claim to the Attorney General.

Plaintiffs filed suits individually against the State on September 10, 1980, alleging negligence in the construction, maintenance, and traffic engineering of the bridge. Their cases were consolidated for jury trial. Prior to trial, the State moved for summary judgment, alleging that the plaintiff's failure to serve notice of claim on the Attorney General operated to bar the claim. The trial judge overruled this initial motion for summary judgment, as well as every subsequent renewal of the motion by the State. The jury returned verdicts against the State in favor of plaintiffs, and the trial court entered judgment on the verdicts.

The State perfected this appeal, raising error in several respects. Because we reverse, we need only address one issue: whether the trial court erred as a matter of law in overruling the State's motion for summary judgment?

The State contends that the plaintiffs are barred from maintaining their suit against the State because they failed to serve notice on the Attorney General. The notice provision of the Indiana Tort Claims Act is at IND.CODE § 34–4–16.5–6 (1982):

Except as provided in § 34–4–16.5–8 [dealing with incompetent plaintiffs] a claim against the State is barred unless notice is filed with the Attorney General and the state agency involved within one hundred eighty (180) days after the loss occurs. However, if notice to the state agency involved is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts

to determine and serve notice on the right state agency.

Thus, lack of notice is a complete defense to a tort action under the Indiana Tort Claims Act. *Galovick v. State Board of Commissioners of Montgomery County,* (1982) Ind.App., 437 N.E.2d 505.

■ The identical issue was presented in *Galovick,* 437 N.E.2d 505, and we believe that case is controlling here. In *Galovick,* the plaintiff sent notice of claim to the Attorney General within 180 days, but failed to send notice to the appropriate state agency. We affirmed the granting of the State's motion for summary judgment. While a plaintiff is not barred from suing the State where he has substantially complied with the notice statute, failure of the plaintiff to serve notice on any official or agency of the state other than the notice to the Attorney General could not constitute substantial compliance. *Id.* at 508.

■ The plaintiffs contend that *Galovick* is distinguishable, since the Attorney General in *Galovick* had not forwarded notice to the state agency, and the state agency possessed no actual knowledge of the claim, with the result that there was a complete failure of compliance with the notice statute. We are not persuaded that notice to the Highway Commission served as constructive notice to the Attorney General, as we perceive plaintiffs' argument to hold. Moreover, actual knowledge of the claim does not constitute substantial compliance. *Geyer v. City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333.

The case at bar is readily distinguishable from those cases in which plaintiffs were not barred under the notice provisions of the Indiana Tort Claims Act. *Burggrabe v. Board of Public Works of City of Evansville,* (1984) Ind.App., 469 N.E.2d 1233; *Board of Aviation Commissioners of St. Joseph County v. Hestor,* (1985) Ind.App., 473 N.E.2d 151; *Galbreath v. City of Indianapolis,* (1970) 253 Ind. 472, 255 N.E.2d 225. The *Burggrabe* court held that where notice was sent by ordinary mail, the purpose of the statute requiring personal delivery or delivery by certified or registered mail was fulfilled when the proper officials actually received the notice within 180 days after the occurrence. *Burggrabe* at 1236; *accord Hestor, supra.* The *Burggrabe* court also noted that the notice of claim, which consisted of a letter and accompanying documents, was sufficiently definite to meet the requirements of IND.CODE 34-4-16.5-9, which pertains to form of the notice of claim. Neither *Hestor* nor *Burggrabe* is relevant here.

We also examine *Galbreath v. City of Indianapolis, supra.* The plaintiffs claiming damages against the city were required to file a notice of claim with the mayor or clerk of the city within 60 days after the occurrence out of which the claim arose. The plaintiff's husband wrote letters to the city legal department, without sending a notice of claim to either official named in the statute. The supreme court deemed the city legal department an agent of the mayor for certain purposes, and held that the city attorney had the authority to accept notice on behalf of the mayor. *Id.,* 255 N.E.2d at 229.

Plaintiffs here do not contend that the Highway Commission is an agent of the Attorney General for purposes of the notice statute applicable here, nor do we find any authority for such a proposition. Rather, we find the plain meaning of the statute to require dual service on the Attorney General and the state agency. *See Kemper v. Warren Petroleum Corporation, Inc.,* (1983) Ind.App., 451 N.E.2d 1115 (where statutory language is plain and unambiguous, court will give effect to plain meaning of statute).

Because the plaintiffs failed to send notice of claim to the Attorney General within 180 days after the occurrence, as required by the Indiana Tort Claims Act, plaintiffs were barred from maintaining this action against the State.

Judgment reversed.

RATLIFF and NEAL, JJ., concur.