Ester L. SCOTT and Gary Public Transportation Corporation, Appellants (Defendants Below),

v.

Bertha GATSON, Appellee (Plaintiff Below).

No. 3–1285–A–337.

Court of Appeals of Indiana, Third District.

May 15, 1986.

Martin W. Kus, Newby, Lewis, Kaminski & Jones, LaPorte, for appellants.

Jonathan Alpert, Highland, for appellee.

STATON, Presiding Judge.

Ester L. Scott and the Gary Public Transportation Corporation (GPTC) appeal from the trial court's denial of their motion for summary judgment in Bertha Gatson's suit for damages incurred when a GPTC bus driven by Scott allegedly caused a rear end collision involving Gatson's car. Scott and GPTC claim that Gatson failed to comply with the notice provisions of the Indiana Tort Claims Act.[1]

We are presented with the following issues for review:

I. Whether Gatson substantially complied with the notice requirements of the Act;

II. Whether GPTC waived the notice requirements.

Since we find that Gatson substantially complied with the notice provisions of the

---

1. Ind.Code 34–4–16.5–1 et seq.

Act, we do not find it necessary to address the waiver argument.

Gatson's car was stopped at a stop sign when Scott, unable to stop the bus on slippery pavement ran into the back of a pick-up truck which in turn rear-ended Gatson's car. There was minimal damage to Gatson's car, but Gatson received a back injury which required treatment for some months afterward.

Eleven days after the accident Gatson's attorney sent the following letter to GPTC:

February 19, 1982

Gary Public Transportation
Corporation
237 West 22nd Avenue
Gary, Indiana 46407
Re: Bertha Gatson vs. Ester L. Scott
(Driver) and Gary Public Transportation Corporation
Date of Accident: 2/8/82
Gentlemen:

Please be advised that I represent Bertha Gatson who was severely injured when her vehicle was rear-ended by your bus at approximately 11:00 a.m., on February 8, 1982, on Fifth Avenue just west of County Line Road in Gary, Lake County, Indiana.

Our investigation indicates that this accident was caused by your driver's negligence in following too closely behind a pick-up camper truck and not being able to stop for the stop sign at Fifth Avenue and County Line Road. Your driver's bus hit the pick-up truck from behind causing the truck to hit my client, who was injured in the process.

If you are covered by liability insurance, please forward this letter to your insurance carrier and have them contact me. If you are self-insured, please contact me directly so this matter can be settled without the necessity of a lawsuit.

Thank you for your anticipated cooperation in this matter.

The letter was sent regular mail and is the only written notice claimed to have been given. Gatson's attorney received the following reply:

March 2, 1982

Jonathan Alpert
Attorney at Law
9105 Indianapolis Blvd.
Highland, Indiana 46322
Re: Bertha Gatson vs. Ester L. Scott
(Driver) and Gary Public Transportation Corporation
Date of Accident: February 8, 1982
Dear Sir:

Your letter of February 19, 1982, directed to the Gary Public Transportation of this City, has been referred to this office for reply and attention.

We represent the insuror for the Gary Public Transportation and are in the process of investigating the matter above referred to.

If you will please favor us with any medical reports and/or special damages incurred by your client, we shall be happy to discuss this matter with you after said reports have been received.

If there is anything that you would care to discuss with the writer please do not hesitate to call.

Very truly yours,
NORTHWESTERN INDIANA CLAIM SERVICE, INC.
By: Arthur L. Casey, Manager
ALC/lh

Apparently there were some other communications between Gatson's attorney and the claims adjuster before Gatson filed suit on December 21, 1983.

The relevant portions of the Tort Claims Act provide:

**34–4–16.5–7. Notice of claim against political subdivision required.**—Except as provided in section 8 [34–4–16.5–8] of this chapter a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred eighty [180] days after the loss occurs.

**34–4–16.5–9. Contents of notice.**—The notice required by sections 6, 7, and 8 [34–4–16.5–6—34–4–16.5–8] of this chapter shall describe in a short and plain statement the facts on which the claim is

based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

(Burns Code 1985 Supp.).

I.C. 34–4–16.5–2(5) defines a "political subdivision" as a:

  (i) County,
  (ii) Township,
  (iii) City,
  (iv) Town,
  (v) Separate municipal corporation,
  (vi) Special taxing district,
  (vii) State college or university,
  (viii) City or county hospital,
  (ix) School corporation, or
  (x) Board or commission of one [1] of the entities listed in clauses (i) through (ix) inclusive of this subdivision;

GPTC claims that Gatson's letter did not meet the statutory requirements because it was not delivered 1) in person or by registered or certified mail, 2) to the Mayor's office, Clerk of the City or the GPTC Board of Directors; and 3) it omitted a statement of the extent of her loss, the names of all persons involved and the amount of damages she was seeking.

Once again this court is faced with the situation in which a plaintiff has made a good faith attempt to present a claim to a political subdivision; the political subdivision has referred the matter to an agent (here a claims adjuster) for further investigation; communications between the plaintiff and the agent have ensued; then, upon expiration of the 180 day notice period the political subdivision claims that the plaintiff has failed to comply with the technical provisions of notice and seeks to dismiss the claim. *See eg. Board of Aviation Com'rs. v. Hestor* (1985) Ind.App., 473 N.E.2d 151; *Burggrabe v. Board of Public Works* (1984) Ind.App., 469 N.E.2d 1233, (tran. denied).

The purpose of the notice statute is to inform a political subdivision with reasonable certainty of the accident and surrounding circumstances to allow investigation, determination of liability and preparation of a defense to the claim. *Orlowski v. City of South Bend* (1985) Ind.App., 482 N.E.2d 1380, 1382. It has long been the policy in Indiana to liberally apply the requirements of the statute to plaintiffs. The Supreme Court, in 1970, said, "[W]e see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied." Galbreath v. City of Indianapolis* (1970) 253 Ind. 472, 255 N.E.2d 225, 229. (Emphasis in the original).

While actual knowledge or routine investigation by the political subdivision will not relieve a claimant of the duty to give notice that she intends to hold the political subdivision liable, it is clear that the notice requirement can be waived or substantial compliance proved. *Lawrence County Com'rs. v. Chorely* (1979) Ind. App., 398 N.E.2d 694, 696. Substantial compliance has even been found where there was no writing at all. In *Delaware County v. Powell* (1979) 272 Ind. 82, 393 N.E.2d 190, the plaintiff was a passenger in a vehicle struck by a county highway truck. The county's insurer contacted the plaintiff, made payments to her and advised her to make final settlement because the two year statute of limitations was to expire soon. The county denied making admissions of liability and rejected plaintiff's written notice of claim because the 180 day notice period had passed. The Court upheld the trial court's denial of the county's motion for summary judgment on the notice issue. The Court said, "When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice

or create an estoppel." *Id.*, 393 N.E.2d at 192.

Similarly, in *Lawrence County Com'rs. v. Chorely, supra,* there was no writing other than damage estimates provided by the plaintiff to the commissioners, but this court held there were sufficient facts in the record from which the court could have found that the acts and conduct of the defendant's insurer created a waiver of notice or an estoppel, or that there had been substantial compliance with the statute by the plaintiff. 398 N.E.2d at 698.

We have held in the past that the failure to deliver the notice in person or by registered or certified mail will not be fatal to a plaintiff's claim. *Bd. of Aviation Com'rs. v. Hestor, supra.* In *Burggrabe v. Board of Public Works* Judge Ratliff said, "[T]o hold that the notice was defective because of its mode of delivery when the notice was received and the purpose of either hand delivery or registered or certified mail, that of assurance of receipt, was met, is contrary to logic and defies common sense." 469 N.E.2d at 1236. Gatson's notice was clearly received by the GPTC as evidenced by the fact that it was forwarded to the claims adjustor. Since GPTC is a separate municipal corporation with its own Board of Directors as its governing body, the notice was not required to have been sent to the Mayor or Clerk of Gary. We believe the "governing body" language is necessary to assure that in the situation in which a municipal agency is *not* a separate corporation, notice would be directed to the Mayor as the governing body or the commissioners in the case of a county agency. In such cases, notice is not properly sent to the agency itself. *See City of Indianapolis v. Satz* (1978) 268 Ind. 581, 377 N.E.2d 623. Although Gatson's notice was not addressed specifically to the Board of Directors of the GPTC, the notice was properly sent to the GPTC itself. We deem that to fulfill the requirement of the statute.

As for GPTC's arguments regarding the content of Gatson's notice, we find these to be without merit. The lack of Gatson's address in no way impaired the GPTC's ability to investigate the accident. Correspondence was with Gatson's attorney who certainly could have provided his client's address. *See Burggrabe, supra.* That the dollar amount of Gatson's damages was not stated does not render the notice insufficient. *Mills v. American Playground Device Co.* (1980) Ind.App., 405 N.E.2d 621. Eleven days after the accident when notice was given, the full extent of Gatson's injuries and the dollar amount were still unknown. It makes little sense to penalize a plaintiff's promptness when the notice given fulfills the statutory purpose of informing the political subdivision with reasonable certainty of the accident and surrounding circumstances.

GPTC further argues that the notice is deficient for failing to name the bus driver or the driver of the pickup truck. The bus driver's name is included in the caption portion of Gatson's letter. Certainly GPTC should have no trouble recognizing Scott as one of its own drivers and as the driver referred to in the body of the letter. As for the name of the driver of the pickup truck, the statute requires "the names of all persons involved *if known.*" IC 34-4-16.5-9. (Emphasis added). Gatson may not have known the name of the driver of the truck, or she may not have remembered it since she was somewhat dazed after the accident. (Gatson Deposition p. 72). GPTC does not show that Gatson knew and deliberately omitted the name of the other driver. We find no fatal deficiency on this ground. The trial court found, and we agree, that Gatson substantially complied with the notice provisions of the Act.

The denial of summary judgment is affirmed.

HOFFMAN and GARRARD, JJ., concur.