Edward J. MADDEN, Sr., Indiana Department of Transportation State of Indiana, Appellants–Defendants,

v.

ERIE INSURANCE GROUP, as Subrogee of Wayne Graham and Teresa Graham, Appellees–Plaintiffs.

No. 49A02–9308–CV–456.

Court of Appeals of Indiana, Second District.

May 31, 1994.

Pamela Carter, Atty. Gen., John G. Clifton, Deputy Atty. Gen., Indianapolis, for appellant.

Richard K. Shoultz, Lewis & Wagner, Indianapolis, for appellee.

FRIEDLANDER, Judge.

This is an interlocutory appeal by defendants-appellants, Edward Madden, Sr., the Indiana Department of Transportation and the State of Indiana, (collectively referred to as Madden and the State), from an order of the Marion Municipal Court denying Madden and the State's motion for summary judgment in a tort action brought by plaintiff-appellee, Erie Insurance Group (Erie), as subrogee of Wayne and Teresa Graham.

We reverse.

On January 25, 1992, a snow plow struck Wayne Graham's vehicle at an intersection on Fall Creek Parkway in Indianapolis. Graham subsequently filed a claim for the property damage to his vehicle with Erie, his insurance carrier, and Erie paid Graham $14,267.22 for his loss.

Erie sought to recover its loss from the snow plow operator, whom it believed responsible for the accident. Erie reviewed a police report of the accident, which apparently indicated that Madden had been operating the plow at the time of the accident.[1] The report also apparently indicated that Madden's plow was owned by "the Department of 'ADMZ INDUT.'" Appellant's Brief at 3. After reviewing the police report, Erie mailed a letter to Madden at the address noted on the report, but the letter was returned. *Record* at 202.

Subsequent to having received the returned letter, Erie had a telephone conversation with Madden. During the conversation, Erie claims Madden stated, "'[T]his is not my problem ... it's [sic] the department.'" *Record* at 215. At the close of the brief call, Erie contends that Madden "started to say something about Indiana. And then he said, I don't have to give ... a statement, and hung up...." *Id.*

Believing that Madden might have been an employee of the State, Erie contacted, by telephone, the tort claims section of the Office of Attorney General. During the conversation with an employee of the Attorney General's office, Erie asked whether "'the Department of ADMZ' was a State entity and required Tort Claims Notice." Appellant's Brief at 3. Erie claims the employee responded that he was unsure, but stated "if the name of Indiana appeared on ... [the] police report ... [Erie] needed to put the Attorney General and the Commissioner on notice, with all proper documentation." *Record* at 221. The employee also advised Erie that Erie should again place the snow plow driver and his company on notice, make a demand, and send copies of documentation to both.

On April 8, 1992, Erie mailed such a letter to "Department of ADMZ, Attn: Edward Madden, Sr., INDUI Cump, 507 State Office Building, Indianapolis, IN 46205." *Record* at 25. On May 11, 1992, Erie mailed a second letter and, on June 15, 1992, Erie mailed a third and final letter, both addressed as the first. Erie received no response to any of its letters, *Record* at 218, and initiated this lawsuit against Madden and the State on December 21, 1992.

On March 24, 1993, Madden and the State filed a motion for summary judgment, alleging that Erie had failed to state a claim upon which relief could be granted because Erie had not complied with the mandatory notice requirement set forth in Indiana's Tort Claims Act (ITCA). The materials upon which Madden and the State relied to support the motion included: (1) an affidavit from the duly authorized keeper of all notices of tort claims sent to the office of the Attorney General of Indiana stating that Erie, as subrogee of the Grahams, had never filed notice of a tort claim with that office, and (2)

---

1. The police report of the accident was not made . a part of the record.

specific portions of the deposition of the employee who had handled this matter for Erie.

On July 2, 1993, the trial court denied the motion for summary judgment and stated:

"[T]he Court now finds as follows:

1. Court believes that the failure of Mr. Edward J. Madden, to submit copies of the letters that he received from Erie Insurance Group resulted in Erie Insurance Group being unable to comply with the Indiana Tort Claims Notice Act.

2. The purpose behind the Indiana Tort Claims Notice Act[ ] was substantially met and complied with based upon the actions of [Erie] in attempting to put [the State] on notice." *Record* at 82.

After the trial court denied the motion for summary judgment, an interlocutory appeal was certified, ordered and accepted.

Madden and the State present a single issue for our review, which is whether a claim of substantial compliance with the notice requirement can be made under the facts and circumstances of this case.

 A trial court's order denying a motion for summary judgment is ordinarily not an appealable interlocutory order. Rather, a party generally challenges such an order by a motion to correct error once the trial court enters a final judgment or order. *State, Department of Natural Resources v. Taylor* (1981), Ind.App., 419 N.E.2d 819. The requisites of the rule which allows appeals from interlocutory orders are met, however, if the parties present no conflict in the operative facts and agree that no genuine issue of material fact exists, and if the defendant raises defenses within the motion for summary judgment, which, if applicable, would entitle it to judgment as a matter of law. *Id.* Inasmuch as that is the case here, we consider only whether the trial court erred in denying Madden and the State's motion for summary judgment as a matter of law.

 The crucial question before us is whether Erie complied with the notice requirement of ITCA. Pursuant to Ind.Code 34–4–16.5–6, a claim against the State must be filed with the Attorney General and the state agency involved within 180 days of the claimed loss. The question of compliance is not a question of fact, but rather a procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial. *State, Ind. Dept. of Highways v. Hughes* (1991), Ind.App., 575 N.E.2d 676. The notice statute serves several purposes, which include: (1) informing officials of the political subdivision of both the accident and its surrounding circumstances, with reasonable certainty, so that the division may investigate, determine its possible liability, and prepare a defense to the claim, and (2) requiring a claimant to announce any intention to assert a claim. *Indiana State Highway Comm. v. Morris* (1988), Ind., 528 N.E.2d 468 ("*Morris* II"). "Substantial compliance with the statute's notice requirement is sufficient when the purpose of the notice requirement is satisfied." *Id.*

 Erie directs us to *Morris* II, and maintains that, while it may have failed to serve formal notice upon the State, its actions nevertheless constituted "substantial compliance" with the notice requirement of ITCA. Although the trial court agreed with Erie, we do not.

In *Morris* II, our supreme court considered whether a plaintiff's tort claim should be barred if the plaintiff fails to serve dual notices of the claim to both the state agency involved and the Attorney General. The facts of *Morris* II reveal that, following an automobile accident on October 14, 1978, the plaintiffs mailed, by certified mail, notices of tort claim to the state agency involved. An employee of the agency received the notices on February 6, 1979, and, in keeping with the usual policy in cases against the agency, made copies of the notices and forwarded them to the office of the Attorney General. The Attorney General's office received the notices the next day. *Id.*

Following a jury trial, which resulted in verdicts and judgments for the plaintiffs, the Court of Appeals reversed because the plaintiffs had failed to serve statutory tort claims notices upon the Attorney General. *Indiana State Highway Comm. v. Morris* (1986), Ind. App., 488 N.E.2d 713 ("*Morris* I"). Our supreme court granted transfer and held that, because both the state agency and the

Attorney General had received full and timely information regarding the occurrence, as well as formal notification of the plaintiffs' intentions to assert a claim, the statutory objectives of I.C. 34-4-16.5-6 had been satisfied and thus substantial, if not actual, compliance had been achieved. *Morris* II.

Erie's reliance upon *Morris* II is misplaced because, unlike the circumstances of *Morris* II, Erie failed to demonstrate that its actions had satisfied the purposes of the notice requirement. Pursuant to I.C. 34-4-16.5-11, the required notice of a tort claim against the State "must be in writing and must be delivered in person or by registered or certified mail." While substantial compliance may occur where a claimant has failed to give written notice, the plaintiff must nevertheless demonstrate that the purposes of the notice requirement have been met. *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190. This Erie failed to do because Erie presented no evidence that the State had received full and timely information regarding the occurrence, as well as formal notification of Erie's intention to assert a claim.

The trial court found that Erie had been unable to provide the State with the required notice because Madden had failed to submit copies of the letters he had received from Erie to the State. Our review of the record indicates that this finding is unsupported by the evidence. The evidence indicates that Erie's first letter to Madden was returned and Erie's subsequent letters to Madden were sent to Madden's attention at the fictitious "Department of ADMZ."[2]

Erie claims that since the State investigated the damage to the snow plow and produced records of the incident it proves that Erie had substantially complied with the notice requirement. Again, we disagree. While the State may have produced its own records regarding the accident in question, mere actual knowledge of an occurrence, even coupled with routine investigation, does not constitute substantial compliance if the recognized objectives of the statutory notice requirement have not been satisfied. *Morris* II. As we have already determined, the recognized objectives of the statutory notice requirement were not satisfied in this case.

Because a claim of substantial compliance with the notice requirement of the Tort Claims Act cannot be made under the facts and circumstances of this case, the trial court erred in denying summary judgment in favor of the State. This cause is therefore reversed and remanded with instructions to the trial court to enter judgment in favor of the State upon its motion for summary judgment.

Reversed and remanded.

SULLIVAN and NAJAM, JJ., concur.

---

2. Even if the evidence confirmed that Madden had received letters from Erie regarding the accident in question, we are not persuaded that notice to an individual employee of the State would satisfy the notice requirement of I.C. 34-4-16.5-6. This court's primary objective in interpreting statutes is to ascertain and give effect to the intent of the legislature. *St. Anthony Medical Center v. Smith* (1992), Ind.App., 592 N.E.2d 732. If the legislature's intent is clearly expressed by the language of the statute, "we may not construe the statute to mean something other than what it plainly states on its face." *Id.* I.C. 34-4-16.5-6 specifically provides that "a claim against the state is barred unless notice is filed with *the attorney-general* and *the state agency involved.*" [emphasis supplied] In construing a statute, it is equally important to recognize what a statute does not say as it is to recognize what it does say. *Van Orman v. State* (1981), Ind.App. 416 N.E.2d 1301. Of import here is that the Tort Claims Act does not say notice to an individual employee of the State will satisfy its notice requirement.