CRONE, Judge,
dissenting.
I agree with the majority’s conclusion that because the Schoettmers did not even attempt to give notice of their claims to South Central, they cannot be said to have substantially complied with the notice requirements of the ITCA. Further, I agree that South Central did not waive its affirmative defense of such noncompliance. However, I believe that South Central should be- estopped from asserting the Schoettmers’ noncompliance with the ITCA. The Schoettmers were unaware of South Central’s governmental status, Cincinnati Insurance made representations upon which the Schoettmers justifiably relied, the purpose of the notice requirement of the ITCA was clearly accomplished, and there was a lack of prejudice to South Central. Therefore, I must respectfully dissent.
The record is clear that, at the time of the accident, John had no idea that Wright’s private employer, South Central, was a statutorily designated community action program and thus, a political subdivision for the purposes of the ITCA. Due to the contact initiated by Cincinnati Insurance and its expressed willingness to settle John’s claim on behalf of South Central, it was reasonable for John to rely on those representations that nothing else was necessary to preserve and pursue his claim. John did what any reasonable layperson would have done. He did not seek to retain counsel or to file a lawsuit, but simply continued to supply the information requested by South Central’s insurer. All the while, unbeknownst to him, the 180- *127 day clock was ticking away. Cincinnati Insurance’s behavior was misleading and John’s complete ignorance regarding South Central’s governmental status was reasonable.
Although the majority seems to concede that the Schoettmers actually and reasonably lacked knowledge that South Central was a political subdivision until well after the 180-day notice period had passed, the majority makes much of the fact that the Schoettmers eventually did retain counsel and concludes that counsel should have learned, through due diligence, of South Central’s governmental status and filed a tort claim notice in a “reasonable time” after “the equitable grounds cease to operate as a valid basis for causing delay.” See Davidson, 716 N.E.2d at 34-35. Here, however, I do not think the equitable grounds causing delay ceased to operate until South Central finally acknowledged and revealed its governmental status in its amended answer to the Schoettmers’ complaint. Indeed, a reasonable inference can be drawn that counsel for South Central was wholly unaware of his own client’s governmental status until February 4, 2011, when South Central finally asserted such status when it filed its motion for leave to file an amended answer to include the affirmative defense of the Schoettmers’ failure to comply with the notice provisions of the ITCA. I would not hold the Schoett-mers’ counsel to a higher standard of due diligence regarding discovery of South Central’s governmental status than I would South Central’s own counsel.
Based upon the foregoing, I would reverse summary judgment in favor of South Central and hold, as a matter of law, that South Central is estopped from asserting the Schoettmers’ noncompliance with the notice provisions of the ITCA as a bar to their claims. At the very least, the designated evidence reveals that genuine issues of material fact remain, and the Schoett-mers should be allowed to present proof of estoppel to the trial court. See Delaware County v. Powell, 272 Ind. 82, 85, 393 N.E.2d 190, 192 (1979) (when acts and conduct of the defendant or his agents have established that the purposes of the ITCA notice provisions have been satisfied, summary judgment is inappropriate as these acts and conduct could create an estoppel).